*824 OPINION OF THE COURT
Stanley Sklar, J.
The issue presented presented is whether an expert’s report prepared for plaintiffs’ counsel in a related action, that was declared confidential in the settlement of the parties’ action, is subject to discovery by the plaintiffs in this case.
THE MOTION
Plaintiffs move for an order pursuant to CPLR 3124 compelling defendant Arthur Andersen & Co. (Andersen) to produce for discovery and inspection a report prepared by Leonard Fell (the Fell Report), together with all its exhibits and appendices, which were provided to Andersen by different plaintiffs in a separate but related action (which has since been settled and dismissed), Elster v Frigitemp Corp., in the United States District Court for the Central District of California, docket No. 78-0932 (TJH) (the Elster Action).
THE FACTS
In this action plaintiffs allege that Andersen — one of the "Big Eight” accounting firms — repeatedly issued false and fraudulent statements of the financial condition of the Frigitemp Corporation (Frigitemp), in reliance upon which financial statements, certified by Andersen, the plaintiff banks loaned nearly $20 million to Frigitemp. In March 1978, Frigitemp declared bankruptcy, and the plaintiff banks allegedly lost about $12.5 million in outstanding loans. In 1979, plaintiff banks commenced an action against Andersen in the United States District Court, for the Southern District of New York, alleging violations of the Federal securities laws. That action was eventually dismissed for want of Federal subject matter jurisdiction whereupon plaintiffs commenced this State action premised upon common-law fraud and negligence.
The Elster Action was commenced in 1978, just before the filing of the bankruptcy petition by Frigitemp. To simplify discovery the Federal District Court ordered Andersen to give the Elster plaintiffs access to the same documents which had been previously produced in a class action brought by Frigitemp shareholders and debenture holders (the Litowitz Action). Those same documents (including all workpapers, correspondence, internal memoranda, audit guidelines, etc., related to Andersen’s work for Frigitemp) were also produced to the plaintiffs in this action.
*825 The Elster plaintiffs retained Leonard Fell, a certified public accountant, as an independent expert to review the Andersen documents which had been produced during pretrial discovery. Plaintiffs in this action allege that the Fell Report "provided a devastating critique of Andersen’s accounting practices in auditing and certifying Frigitemp’s financial statements and was instrumental in prompting settlement of the Elster action.”
DISCUSSION
Plaintiffs now, evidently in an effort to gain leverage toward the settlement of their own action and to minimize the costs in obtaining their own experts to evaluate the documents upon which the Fell Report was based, seek a copy of that report.
Defendants oppose disclosure of the Fell Report on several grounds. They assert that it was an expert’s opinion prepared for litigation, and that it was the subject of two confidentiality stipulations (to which plaintiffs in this action were neither parties nor signatories).
CPLR 3101 (a) provides that there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof. The phrase " 'material and necessary’ * * * [in the statute is] to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
Prior to the relevant amendment (see, L 1985, ch 294, § 4) CPLR 3101 (d) provided that the "opinion of an expert prepared for litigation” (CPLR 3101 [d] [1]) "shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship” (CPLR 3101 [d]). Since this action was commenced prior to the amendment which liberalized disclosure pertaining to experts, the prior law governs (L 1985, ch 294, § 25). Defendants thus urge that, because the plaintiff banks in this action already have obtained disclosure of the underlying documents upon which the Fell Report was based, they cannot claim that the material sought can no longer be duplicated because of a change in conditions and that withholding the opinion of the *826 expert would result in undue hardship (Kandel v Tocher, 22 AD2d 513 [1st Dept 1965]; Finegold v Lewis, 22 AD2d 447 [2d Dept 1965]). Defendants also claim that plaintiffs have already retained their own expert so that turning over the report would not spare them expert fees.
However, notwithstanding the fact that the Elster Action, for which litigation the Fell Report was prepared, was based upon in general terms the same occurrences or series of transactions as this action, the Fell Report was not in fact prepared for use in this action. Therefore, defendants cannot claim that the Fell Report is immune from disclosure on the basis of its being material prepared for purposes of litigation since it was not prepared for the case at bar (cf., Milone v General Motors Corp., 84 AD2d 921, 922 [4th Dept 1981]).* Moreover, the Fell Report was not prepared for purposes of litigation by Andersen; it was prepared by an expert retained by the Elster plaintiffs.
Defendants also assert that the Fell Report should not be disclosed because it was the subject of two confidentiality stipulations. A review of the record shows that the confidentiality stipulation "so ordered” by the Federal Judge in the Elster Action did not expressly apply to the Fell Report but rather to the documents produced in the Litowitz Action. Defendants nonetheless claim that the Fell Report was inferentially encompassed within that order because it recites that the documents "shall not be made available or communicated, directly or otherwise.” Plaintiffs urge that this so-ordered confidentiality stipulation is inapplicable since the "cat was out of the bag” when plaintiffs received the underlying documents from which the Fell Report was derived. However, even assuming arguendo that plaintiffs’ assertion is valid, as part of the settlement of the Elster Action, the parties also entered into a private stipulation that the Fell Report would be maintained confidential. The attorney who represented the Elster plaintiffs has submitted an affidavit stating that, as a part of the settlement of the Elster Action, it was agreed that plaintiffs would maintain the confidentiality of all evidence in the Elster case and would not waive such confidentiality or *827 any protection from disclosure. In addition, the attorney who personally was involved in the defense of the Elster Action stated in his affidavit that this agreement not to disclose the Fell Report was a significant inducement in settling the action. (See, Goldman affidavit which recites that the defendant would not have entered into the settlement without a confidentiality provision executed by plaintiffs and their representatives, including Mr. Fell.)
The plaintiff banks in this action argue (citing In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F2d 844 [8th Cir 1988]) that this court should not give effect to the "private” confidentiality agreement. The court is not persuaded that such a stipulation should be ignored.
First, In re Chrysler (supra), cited by plaintiffs, is distinguishable since it involved a compendium of facts deemed relevant by the attorney for the party that was allegedly at fault, where it was specifically contemplated by both parties, notwithstanding the confidentiality agreement, that the compendium might be used and disclosed to the public during a fairness hearing. On the other hand, this case involves a compilation of conclusions and opinions by an expert who prepared his report at the behest of those who were allegedly the victims of the culpable conduct and who were not parties to this action where it was never contemplated by the parties to the other action that the report would be revealed to anyone once the confidentiality agreement was executed.
Second, stipulations of settlement are favored by the courts and will not be cast aside lightly (Matter of Galasso, 35 NY2d 319, 321 [1974]; Hallock v State of New York, 64 NY2d 224, 230 [1984]). The Elster plaintiffs had the Fell Report prepared at their own expense to assist them in their claim that they were injured as a result of the allegedly false financial statements certified by defendant Andersen. The Elster plaintiffs had the right to agree to have their own report held confidential, in exchange for the sum they received in settlement of their action, without worrying whether another plaintiff in a different action against Andersen could hitch a "free ride” on their effort and expense. The parties to the Elster Action then reduced their confidentiality agreement pertaining to the Fell Report to a formal stipulation (cf., United States v Davis, 702 F2d 418 [2d Cir 1983], cert denied 463 US 1215 [1983]). Although their stipulation was not "so ordered” by the Federal Judge, this court does not attach critical significance to that factor since, in the New York courts, a written stipula *828 tion entered into between parties or their attorneys relating to any matter in an action is binding if subscribed by the party or his attorney even if not reduced to the form of an order (CPLR 2104).
Therefore, in view of the strong policy in favor of promoting and enforcing stipulations of settlement, plaintiffs’ motion to compel disclosure of the Fell Report is denied and the notice for discovery and inspection of the Fell Report is vacated. Although disclosure of the Fell Report may spare plaintiffs in this action some expenditure of experts’ fees (see, In re Franklin Natl. Bank Sec. Litig., 92 FRD 468 [ED NY 1981], affd sub nom. Federal Deposit Ins. Corp. v Ernst & Ernst, 677 F2d 230 [2d Cir 1982]), and may give plaintiffs added leverage in any settlement negotiations, weighing plaintiffs’ purported need for discovery of the Fell Report in order to assist in the prosecution of this action against defendants’ interest in confidentiality and the policy of the courts favoring enforcement of stipulations of settlement, the balance clearly and decidedly tips in favor of upholding the stipulation. As stated above, plaintiffs will not be prejudiced in their trial preparation since they already have had discovery of the very same documents upon which the Fell Report was predicated. Plaintiffs will not be deprived of "any facts bearing on the controversy” (Allen v Crowell-Collier Publ. Co., supra, at 403, 406). All that they will be deprived of are the analysis and conclusions of Mr. Fell. Plaintiffs’ own experts are free to draw their own conclusions from the same data relied upon by Fell. Further, discovery of the Fell Report, which would itself be inadmissible at the trial of the instant matter, would not " 'lead to the disclosure of admissible proof ” (Wiseman v American Motors Sales Corp., 103 AD2d 230, 237 [2d Dept 1984], quoting Shutt v Pooley, 43 AD2d 59, 60 [3d Dept 1973]) since, as just noted, plaintiffs already possess all of the documents upon which the report is based.

 Plaintiffs in the instant action also urged that the qualified immunity granted by CPLR 3101 (d) was waived by the Elster plaintiffs when they turned over the Fell Report to the defendants during settlement negotiations. Although this appears to be true, I need not reach this issue since the immunity granted by CPLR 3101 (d) does not, with limited exceptions, apply to other actions.