**PALO DURO PIPELINE COMPANY, INC., Surtex Gas Company, United Texas Transmission Company, Relators,**

v.

**Hon. Ann COCHRAN, Judge, 270th District Court, Respondent.**

No. A14–89–928–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1990.

Lawrence L. Bellatti, Taylor M. Hicks, Laura A. O'Connell, Houston, for relators.

Roxanne Armstrong, Houston, Ronald D. Nickum, Amarillo, Jack Chapline Vaughan, Jr., Houston, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

In this original petition for writ of mandamus, Relators ask us to require the Hon-

orable Ann Cochran to withdraw her order for Relators to produce confidential settlement agreements they reached with parties who are not involved in the instant dispute over a natural gas purchase contract. Relators filed with this Court, under seal, copies of the settlement agreements at issue. Having viewed the material, we hold that only a portion of the material is discoverable under the Texas Rules of Civil Procedure.

Relators Palo Duro Pipeline Company, Inc. and United Texas Transmission Company (UTTCO) are intrastate natural gas pipeline companies; Relator Surtex Gas Company is a special marketing affiliate of UTTCO. The real parties in interest are Unit Texas Company, an Oklahoma corporation, and Edwin L. Cox and Berry R. Cox. Unit seeks damages for breach of a "take or pay" gas purchase contract, tortious avoidance of the contract, tortious interference with the contract, conversion, conspiracy, and drainage of a common reservoir. Unit contends that the settlement agreements which the trial court ordered to be produced will lead to admissible evidence regarding Unit's claim that Relators conspired to take gas from larger producers and avoid takes or payments of smaller producers such as Unit.

The trial court held a hearing in which Relators sought to exclude production of the documents based on three objections: (1) irrelevance and not reasonably calculated to lead to the discovery of admissible evidence; (2) impossibility; and (3) investigative privilege. Relators failed to meet the burden of producing evidence of any privilege or reason for nonproduction of the settlement agreements sought by the real parties in interest. *See Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex.1985). Therefore, the trial court granted the discovery requested, but subject to confidentiality orders that were already in place. The trial court ordered Relators to (1) share documents previously produced in three other cases already in the possession of Unit's attorney but subject to confidentiality agreements that prohibited their use in this case; (2) produce depositions in seven other cases involving virtually identical causes of action against Relators; and (3) produce all settlement agreements in all other take-or-pay litigation involving Relators.

Relators filed an emergency motion for reconsideration of the trial court's order. Only then did they submit copies of the settlement agreements at issue for in-camera inspection by the trial court; however, prior to the hearing, an attorney for the real parties in interest had submitted two confidentiality agreements from lawsuits she had handled against UTTCO. It is not clear from the record whether the trial court inspected the remaining documents in-camera before denying the emergency motion for reconsideration. This would be the better practice, but in any event, the burden was on Relators to present the evidence at the hearing. *Id.* The real parties in interest should not be denied their request for production simply because Relators failed to provide the trial court with an opportunity to view the documents at the hearing to consider the discovery motions.

"A party may obtain discovery of the existence and contents of any settlement agreement." TEX.R.CIV.PROC. 166b(2)(f)(2). However, Relators point out that no Texas court has construed the Rule to include discovery of settlements of *other* disputes; Subpart (2) has only been applied to "Mary Carter" agreements, which involve several defendants accused of the same harm, thus involving the same cause of action. On the other hand, we have found no Texas court to hold that Rule 166b(2)(f) *excludes* settlements that are not "Mary Carter" agreements, nor that the Rule specifically limits discovery of any particular type of agreement.

Relators cite three authorities outside of Texas that have refused discovery of confidential settlements in other contexts. Two of these followed the Federal Rules of Civil Procedure which do not allow discovery of settlement agreements. Fed.R.Civ.P. 26; *In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559 (E.D.N.Y.1985); *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468 (E.D. N.Y.1981). In the third case, which involved the discovery of a report which was

stipulated as confidential in a settlement agreement from a separate but related lawsuit, the New York Supreme Court weighed the plaintiffs' purported need for the report against the "strong policy" of promoting and enforcing stipulations of settlements, and the court held the balance "clearly and decidedly" tipped in favor of upholding the stipulation. *Chem. Bank v. Arthur Andersen & Co.*, 143 Misc.2d 823, 541 N.Y.S.2d 327, 330 (N.Y.Sup.Ct.1989).

Relators claim that wholesale discovery of confidential settlement agreements would frustrate Texas public policy favoring settlement of lawsuits. *See McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347, 352 (Tex.1968); *McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal*, 627 S.W.2d 480, 484 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Further, they contend that disclosure of confidential settlement agreements involving separate transactions will have a chilling effect on the settlement of other disputes. Their immediate concern is that the information sought by Unit might give Unit an unfair advantage in their own settlement strategy with Relators.

In general, parties may only obtain discovery of material that is relevant to a claim or defense. However, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX.R.CIV.P. 166b(2)(a). In the context of material relevant to a claim or defense, Rule 166b(2)(f)(2) provides for the discovery of settlement agreements, with no specific wording of limitation.

The litmus test for discoverability is relevancy. Here, the real parties in interest have alleged a conspiracy on the part of Relators to take more gas from larger producers to the detriment of smaller producers. In pursuance of this theory, they contend that the confidential settlement agreements between Relators and other parties are relevant to that issue and even if inadmissible at trial could be reasonably calculated to lead to the discovery of admissible evidence. Presumably, the relevant evidence contained in the settlement agreements involves the amounts of gas Relators agreed to take from the so-called larger producers in accordance with the settlement terms. To that extent, we agree that the trial judge did not abuse her discretion in ordering the production of the settlement agreements. Under the specific and limited facts of this case, the settlement agreements satisfy the relevancy test with regard to the conspiracy theory that is alleged.

We do not, however, find the cash amounts contained in the settlement agreements to be relevant to the issue of conspiracy nor would disclosing the cash amounts be reasonably calculated to lead to the discovery of admissible evidence. Indeed, at oral argument, counsel for one of the real parties in interest conceded that the primary interest was not the cash amounts of the settlement agreements. Admittedly, the cash amounts might be of interest to the parties here as a comparative bargaining tool for their settlement purpose, but such an interest does not, in our opinion, satisfy the relevancy test for discovery. Therefore, we hold that the cash amounts of the various confidential settlement agreements are not discoverable, thus it was an abuse of discretion for the trial court to order discovery of such information.

Accordingly, the writ of mandamus is granted in part and denied in part. We grant the writ to the extent that the trial judge is ordered to modify her discovery order by directing that the cash amounts in the confidential settlement agreements be deleted before they are made available to the real parties in interest. The writ is otherwise denied.

We presume that the trial court will voluntarily comply with the order directed in this opinion, and writ will issue only if she should fail to do so.