In re **CONTINENTAL INSURANCE COMPANY, as successor in interest to certain policies issued by Harbor Insurance Company.**

No. 10–99–066–CV.

Court of Appeals of Texas, Waco.

June 30, 1999.

James W. Walker, Katherine A. Grossman & M. Jarrett Coleman, Cozen and O'Connor, P.C., Dallas, Charles Alfred Mackenzie, Haley & Davis, P.C., Waco, for relator.

Roy L. Barrett, Keith C. Cameron, Naman, Howell, Smith & Lee, Waco, John H. Mathias, Jr., John D. Shugrue & Timothy W. Burns, Jenner & Block, Chicago, IL, Ralph H. Duggins, Cantey & Hanger, L.L.P., Fort Worth, for real parties in interest.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION DENYING MOTION
## FOR REHEARING

GRAY, Justice.

Union Pacific Resources has filed a motion for rehearing. In it they assert (1) that we failed to apply controlling law and as a result misplaced the burden of proof, (2) that if we place the burden of proof on Union Pacific Resources, we should allow them to go back to the trial court and present their evidence, (3) that we were mistaken in our belief that no evidence was presented by Union Pacific Resources at the hearing, and (4) that Union Pacific Resources did not engage in gamesmanship because they were relying on the trial court's rulings and acting in compliance with contractual confidentiality provisions. We have carefully considered each of these arguments. Because we find no merit in any of them we will not withdraw our original opinion on the Petition for Writ of Mandamus, but we will address the arguments in this Opinion Denying Motion for Rehearing.

GAMESMANSHIP

Union Pacific Resources takes issue with our characterization that an unacceptable level of gamesmanship is evident in the record. While the specific instance that we discuss is that of Union Pacific Resources, we did not attribute all the conduct that we found questionable to be to them. It generally takes two to engage in gamesmanship, and we certainly do not believe that the trial court is a participant. There was and is no useful purpose in cataloging all the conduct which we found offensive.

It was our belief that having identified a potential problem, a comment by this Court was appropriate. We believed it would cause the parties to focus on the merits of their dispute and resolve procedural disputes in a more efficient manner.

Union Pacific Resources states in their motion for rehearing that our observation is not supported by the record. In particular they argue:

It is incorrect for this Court to accuse UPR of "gamesmanship" when UPR is attempting to uphold its contractual obligation to keep such settlement amounts confidential and its only action has been to refuse to do so unless and until ordered to do so by a court of competent jurisdiction, and to follow the rules of evidence and procedure in having the trial court decide such issues by filing objections and having a hearing.

 Individuals cannot protect relevant information from discovery by confidentiality provisions in contracts, even settlement agreements. The private agreement between two individuals does not override the discovery rules. The rules of civil procedure specifically allow for a method to produce relevant information to the opposing party in litigation while at the same time keep the information confidential. TEX.R. CIV. PRO. 76a(1),(2). Additionally, if the document

is not a "court record" as defined by this rule, protective orders have been routinely used to protect other sensitive information from disclosure to the public.[1] *General Tire, Inc. v. Kepple,* 970 S.W.2d 520 (Tex. 1998).

A contractual provision which requires a party to assert improper and baseless objections to a proper discovery request is void as against public policy. Likewise, any provision in a contract, including a confidentiality provision, that requires a party to refuse the production of discoverable information or documents, including the contract, until a court of competent jurisdiction has specifically ordered production, violates public policy. Parties to a contract cannot require a litigant to raise frivolous objections or grounds for refusing to produce discoverable information. If information is otherwise discoverable, a party abuses the discovery process if the only reason they resist discovery is because they have agreed not to surrender the information without a court order. Production of information in response to a proper discovery request under the rules of discovery is effectively based upon an order of the Texas Supreme Court, and the information should be produced without asserting objections that have no merit.

Agreements can impose a duty to raise valid grounds for non-disclosure, and prohibit voluntary disclosure of information, but the parties cannot be compelled to argue grounds for protection that have no basis in law or fact. If production of properly requested information would violate an agreement, the parties' relief for "court records" is limited to that contained in rule 76a which provides for notice to interested parties so that they may obtain a protective order to protect the information from distribution to the public. In this manner all interested parties have the opportunity to be heard and can be protected. The trial court may elect to apply the provisions of rule 76a to the production of the information ordered to be produced in this mandamus action. Alternatively, as discussed above, if the trial court determines the information is not a "court record" a protective order may be used to prevent public disclosure of the information.

Union Pacific Resources also claims that we were incorrect when we stated that "Union Pacific Resources wants to delay the production of relevant information to avoid losing some perceived advantage in settlement negotiations." Union Pacific Resources' brief stated: *"Finally,* if Continental were allowed discovery of the information it seeks, it would obtain unfair leverage in its settlement negotiations with UPR." The same type arguments were repeatedly made to the trial court during the hearing. It is obvious that Union Pacific Resources feels that their position in settlement negotiations will be weakened if they have to produce the information sought by Continental. They repeatedly argued that if the production was ordered, it should be done only after a finding of liability has been entered against Continental. This would be for the purpose of determining the amount of offset to which Continental is entitled, if any.

There is no procedure in Texas that allows for the discovery of information related to damages, including an offset, only after a finding of liability. Evidence of damages, other than punitive damages, must be presented to the fact finder during the case-in-chief. Tex.R. Civ. P. 174(a); *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994). There is simply no process that allows either party to recess the trial once a liability determination has

---

1. The parties in this litigation are well aware of this option and have used it. The payments that Union Pacific Resources wants to protect from discovery were amounts they received to resolve claims against their other excess carriers. The agreements with the amount paid having been redacted and other documents have already been ordered to be produced by the trial court. The production was pursuant to a protective order.

been made, so that they can then engage in discovery related to damages. Thus there is no basis in the law for the arguments made by Union Pacific Resources to delay the production of information until after liability has been established.

## EVIDENCE AT THE HEARING

 Union Pacific Resources claims that it did present evidence at the hearing. Thus they state that this Court "erred in the first sentence of its opinion in which the Court states that no evidence was presented by either party at the hearing on the motion to compel." However, the only reference to the record cited by Union Pacific Resources is to the clerk's record. The reference is to an affidavit. We have again reviewed the court reporter's record of the hearing. The affidavit was not marked, offered or even discussed in the hearing that is the subject of this mandamus proceeding. An affidavit that is simply filed with the clerk and is in no way brought to the trial court's attention is not evidence.

Further, the order that is the basis of this mandamus proceeding does not indicate that any evidence was admitted at the hearing. The order states: "After considering the motion, response and reply, and after a hearing on the motion and considering the arguments of counsel, the Court is of the opinion that the Motion should be denied." The record reflects that there was no evidence offered by either party at the hearing.[2]

## OPPORTUNITY TO MAKE A RECORD OF LACK OF RELEVANCE

 Union Pacific Resources argues that it should be allowed to go back to the trial court and develop a record that shows the ordered discovery is not relevant. Their basis for this request is because the trial court had placed the burden of proof

on Continental and they had relied upon the ruling of the trial court. While it is true that the trial court placed the burden of proof on Continental, it did so at the request and at the urging of Union Pacific Resources.

 We cannot engage in the process of sending this matter back to the trial court for further development as urged by Union Pacific Resources. The subject of this mandamus is not the trial court's refusal to hold a hearing, it is the abuse of discretion in refusing discovery when it should have been ordered. Given the posture of this mandamus proceeding, we have no authority to reverse the decision of the trial court and require him to hold another hearing. It is our duty to require, by mandamus if necessary, the trial court to render the order he should have rendered based on the record before the trial court at that time. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). There can be no opportunity for a second bite at the apple.

Union Pacific Resources also takes issue with our conclusion that they conceded in their brief that some of the information sought was relevant. This is a logical inference from their statement: "Given the lack of relevance at this stage of the litigation of the confidential settlement information ..." The inference is that the information is relevant to a later stage of the proceeding, namely damages.

## BURDEN OF PROOF—CONTROLLING LAW

 The flaw in Union Pacific Resources' analysis of this discovery process stems from its erroneous view of the Texas Supreme Court's opinion in *Ford Motor Co. v. Leggat*, 904 S.W.2d 643 (Tex.1995). Union Pacific Resources believes that any document which bears the label "settle-

---

2. Although not properly before the trial court, the affidavit referred to is included in the clerk's record. We note that even if it had been properly before the trial court, it would not have been sufficient to show lack of rele- vance. The primary focus of the affidavit was the desire of the parties, and the related contractual obligations, to keep the information confidential.

ment agreement" should be treated the same regardless of the factual situation in which it is sought. In *Ford* the Texas Supreme Court held that the amount Ford paid to settle Bronco II rollover cases was not relevant to another suit involving a Bronco II and accordingly refused to compel production of the information. *Ford* is distinguishable.

It is important to note that the opinion in *Ford* does not reveal the state of the record before the trial court. There was no discussion of what evidence, if any, was presented on this issue by Ford or White (the person seeking discovery) at the discovery hearing. The issue for that Court was: "Based upon the explanation given by White regarding the reason the information was sought, was the requested information relevant or would it lead to the discovery of relevant evidence?" The Supreme Court noted that the Whites had "offered no *explanation* of how such information is relevant to their claims in this case." *Ford,* 904 S.W.2d at 649 (emphasis added). In *Ford,* neither of the parties or the court specifically addressed the burden of proof to prove relevance. As stated in our original opinion, the issue squarely presented to this Court and the one we directly addressed was who has the burden of proving an exemption from discovery.

Union Pacific Resources also fails to recognize the fundamental difference in the characterization of the payments they received as compared to the payments made by Ford to settle Bronco II cases. Union Pacific Resources would have us characterize these payments as being identical in nature. This characterization we cannot accept. We thought the differences were so fundamental and obvious that we did not believe it was necessary to discuss them in our original opinion.

The settlement payments in *Ford* were amounts Ford paid to other plaintiffs to resolve claims alleging defects in the same type vehicle for which they were again being sued. The plaintiff argued the amounts Ford paid in each settlement was

discoverable "if it might reasonably assist a party in evaluating a case, for trial, or facilitating settlement." *Ford,* 904 S.W.2d at 649. The plaintiffs in *Ford* also claimed that the amounts paid to settle other claims on the same vehicle were relevant to determine Ford's net worth and Ford's motives in handling the claims. The Supreme Court of Texas determined that the plaintiff had failed to state any theory on which the requested information was discoverable. The Court held that based upon the explanation given, the information sought was not relevant and not reasonably calculated to lead to the discovery of relevant evidence.

The payments in this case were made to Union Pacific Resources to settle insurance coverage claims that were made by Union Pacific Resources against other carriers who had issued policies covering some portion of the same periods as the policies issued by Continental. Thus, as Continental explained their position, the amounts paid could either negate liability or directly offset Continental's liability for damages. Unlike the situation in *Ford,* Continental has presented an *explanation* of how the requested information is relevant to their defense. It was incumbent upon Union Pacific Resources to produce evidence to show that the information sought was not relevant.

This is a logical placement of the burden of proof and a sound procedure to determine whether or not to compel production of information. The procedure is summarized as follows:

(1) The information is requested;

(2) The resisting party makes an objection or a motion to compel is filed;

(3) A hearing is requested by either party; and

(4) The party resisting discovery, the one in possession of the information and thus in the best position to show lack of relevance, presents evidence of why the information is not relevant. This last step may require an *in-camera* tender

of the information sought to be protected.

If the relevance of the information sought is not obvious to the court it will be to the requesting party's advantage to explain why the information is sought. We do not view *Ford* as placing any type of burden on the requesting party to either explain or prove relevance. As a practical matter, if the relevance is not obvious and no explanation is given or the explanation given does not show a theory upon which the information would be relevant, the responding party has a very low burden to overcome to show lack of relevance. But this minimal showing of lack of relevance must be made by the party resisting discovery. In some cases, if properly before the trial court by judicial notice being taken of the pleadings, discovery request and motion or response, the lack of relevance could be shown on the face of the request. This may in fact be the state of the record in *Ford*, but it certainly is not the state of the record before us.

In this case, unlike *Ford*, the party seeking the information provided a valid explanation of why the information sought was needed, even though it had no obligation to provide such an explanation. In *Ford*, the Texas Supreme Court concluded the explanation given was not a reason that would support discovery and did not address the issue of the burden of proof.

CONCLUSION

We find no reason to alter our original opinion and accordingly Union Pacific Resources' Motion for Rehearing is denied.