**In re FRANK A. SMITH SALES, INC. d/b/a Frank Smith Toyota and Jimmy Resendez.**

No. 13–00–544–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 2, 2000.

---

1. In Texas, a defendant has a statutory right to counsel at a hearing on revocation. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 21(d) (Vernon Supp.2000). Hatten does not assert that right before this Court, and we do not consider it.

Christiana Dijkman, Neal D. Kieval, Phillips & Akers, Houston, for Relator.

Susan Renee Sullivan, Griffith, Saenz & Hill, Julian Rodriguez, Jr., Valorie C. Glass, McAllen, for Real Party In Interest.

Thomas C. Smith, Dallas, for Amicus Curiae.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

Opinion by Justice CHAVEZ.

Relators Frank Smith Sales and Jimmy Resendez (Frank Smith) bring a petition for writ of mandamus seeking discovery of a settlement agreement that Frank Smith alleges will entitle it to a settlement credit in pending litigation. We conditionally grant the writ.

This proceeding arises from a lawsuit brought by David Pena. Pena alleged that, while shopping for a new vehicle at Frank Smith's auto dealership, a Frank Smith salesman appropriated his credit information and used that information to accumulate substantial debts in Pena's name. Pena brought suit in state court against Frank Smith Sales and Jimmy Resendez,[1] and also sued three credit reporting agencies in federal court. Pena settled the federal suit, and Frank Smith has sought discovery of the settlement agreement on the ground that the settlement will entitle it to a credit on any recovery Pena obtains against Frank Smith.

■ Generally, mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

---

1. Resendez was employed at the dealership, but he is not the salesman alleged to have appropriated Pena's credit information.

Frank Smith relies on the common law "one satisfaction" rule and also the provisions of chapter 33 of the Texas Civil Practice and Remedies Code. The "one satisfaction" rule provides that, where a claimant seeks recovery for the same injuries from multiple parties, the claimant is entitled to only one recovery on those injuries. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991); *Bradshaw v. Baylor Univ.*, 126 Tex. 99, 84 S.W.2d 703, 705 (Tex.Com.App.1935). Where there is no rational basis for distinguishing between the damages sought in one case and the damages underlying a settlement in another case, the "one satisfaction" rule applies. *Sterling*, 822 S.W.2d at 8. Statutory law allows a defendant to obtain a credit against any recovery of a claimant who has already settled a claim for the same injuries with another party. TEX.CIV .PRAC. & REM.CODE ANN. § 33.012 (Vernon 1997). The rationale for this doctrine is that the plaintiff should not receive a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially contributed. *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex.1993).

Settlement agreements, including the amount of the settlement, are discoverable where they are shown to be relevant. TEX.R.CIV.P . 166b(2)(f)(2); *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 649 (Tex.1995). Generally, the party resisting discovery has the burden to plead and prove the basis of its objection. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex.1991); *General Elec. Co. v. Salinas*, 861 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1993, no writ); *see also In re Continental Ins. Co.*, 994 S.W.2d 423, 428 (Tex.App.—Waco 1999, orig. proceeding) (party resisting discovery of settlement agreement had burden to show settlement was not relevant).

The issue before us, then, is whether Pena carried his burden to prove that the settlement agreement he reached with the credit reporting agencies did not compensate him for the same injuries he sought to recover from Frank Smith, and therefore was not relevant.

In his state court petition against Frank Smith, Pena stated his injuries as:

1) Economic damages;
2) Credit damage, both (sic) past, present, and future;
3) Mental anguish in the past and which will in all reasonable probability continue in the future;
4) Embarrassment and humiliation;
5) Worry and stress;
6) Compensatory and actual damages;
7) Pre-judgment interest at the highest rate allowed by law;
8) Post-judgment interest at the highest rate allowed by law;
9) Punitive damages;
10) All attorney fees; and
11) Court costs.

Pena also alleged that Frank Smith had "converted the plaintiff's money." Pena's petition detailed several incidents where his damaged credit prevented him from making purchases and described his "humiliation" and mental anguish from these incidents. The petition did not describe any other forms of "economic damages" or "compensatory and actual damages," or explain in what way Frank Smith had "converted the plaintiff's money."

Similarly, Pena's complaint in federal court against the credit reporting agencies listed his damages as:

1) Past and future mental anguish;
2) Embarrassment;
3) Humiliation;
4) Exemplary damages;
5) Attorney fees;
6) Costs,
7) Actual and economic damages;
8) Loss (sic) wages;
9) Loss of opportunity;
10) Compensatory damages;

11) Prejudgment and post judgment interest; and

12) Any other relief to which Plaintiff may be justly entitled to receive.

The complaint also alleged that Pena had suffered "damage to reputation." Just as the state court petition had done, Pena's federal complaint repeatedly alleged that he had been denied credit for purchases and thereby suffered humiliation and mental anguish. The complaint also contended that Pena had spent money on attorneys to clear up his credit record. However, the complaint did not specify any other means by which Pena had suffered "actual and economic damages," or "loss of opportunity," did not otherwise specify what should be compensated by his request for "compensatory damages," and did not explain how he had suffered lost wages.

It is apparent that Pena sought recovery for the same set of injuries in both suits. Pena alleged that Frank Smith committed various torts in permitting its salesman to appropriate Pena's credit information, and the credit reporting agencies committed various torts through the lethargic manner with which they cleared his credit record. Combined, these tortious acts repeatedly caused Pena to be denied credit for purchases, which caused him mental anguish. From the record before us, it is not possible to separate the effects of Frank Smith's alleged torts from those of the credit reporting agencies. Therefore, we hold that Pena has failed to sustain his burden of proving that his settlement with the credit reporting agencies is not relevant to Frank Smith's claim for a credit in the litigation pending against it.

Pena relies on *Leggat*, 904 S.W.2d 643; *Palo Duro Pipeline Co. v. Cochran*, 785 S.W.2d 455 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding) and the companion cases of *Nermyr v. Hyde*, 799 S.W.2d 472 (Tex.App.—El Paso 1990, orig. proceeding) and *Burlington Northern, Inc. v. Hyde*, 799 S.W.2d 477 (Tex.App.—El Paso 1990, orig. proceeding); all cases where discovery of settlement agreements

was denied. However, those cases are inapposite because in none of those cases did the party seeking discovery argue that the settlement agreement was relevant under the "one satisfaction" rule. Rather, the courts were concerned that the party seeking discovery wanted the settlements merely for strategic advantage in settlement negotiations. *See Leggat*, 904 S.W.2d at 649; *see also Palo Duro*, 785 S.W.2d at 457.

■ Pena contends that, because Frank Smith has not yet pleaded its entitlement to a settlement credit, Frank Smith also "wants the settlement information in order to gain an unfair advantage during the upcoming negotiations." However, it was not necessary for Frank Smith to have already pleaded its entitlement to a settlement credit. *See* Tex.Civ.Prac. & Rem.Code Ann. § 33.014 (Vernon 1997) (election of credit for settlements must be filed before issues are submitted to the trier of fact, otherwise defendant is considered to have elected sliding percentage election of section 33.012(b)). Furthermore, Frank Smith's motivation is not the deciding factor—if Frank Smith establishes legitimate entitlement to discovery of the settlement, it does not matter if Frank Smith's "real" motivation is one which, standing alone, would not support discovery.

■ Pena argues that Frank Smith is not entitled to mandamus because it has an adequate remedy by raising on appeal its complaint about the inability to discover the settlement agreements. However, remedy by appeal is inadequate when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record. *Walker*, 827 S.W.2d at 843. When this occurs, a reviewing court is unable to evaluate the effect of the trial court's alleged error on the record before it. *Id.* at 843–844. In this case, the trial court's protective order prohibiting discovery of the settlement agreements prevents them from being part of the record on appeal. Pena objected to discovery

on the ground that the settlement was confidential. Therefore, the agreement cannot be included in the record as a bill of exceptions, because to do so would breach the confidentiality urged by Pena.

An appeal is also inadequate as a remedy where the party's ability to present a viable claim or defense at trial is vitiated by or severely compromised by the trial court's discovery order. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995). In this case, Frank Smith cannot present its "one satisfaction" claim and its entitlement to a settlement credit without discovery of the settlement agreements. We hold that Frank Smith has no adequate remedy by appeal.

We conditionally grant relator's petition for writ of mandamus. We order the trial court to vacate its April 13, 2000 order denying Frank Smith's motion to compel production of the settlement agreement reached with the credit reporting agencies, and order the trial court to grant the motion to compel production of the settlement agreement. We are confident that the trial court will act in accordance with our directive. The writ will not issue unless the trial court fails to comply with this opinion.