NUMBER 13-00-544-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN RE: FRANK A. SMITH SALES, INC. 


D/B/A FRANK SMITH TOYOTA AND JIMMY RESENDEZ


___________________________________________________________________


On Petition for Writ of Mandamus


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez



Opinion by Justice Chavez



 Relators Frank Smith Sales and Jimmy Resendez (Frank Smith)
bring a petition for writ of mandamus seeking discovery of a settlement
agreement that Frank Smith alleges will entitle it to a settlement credit
in pending litigation. We conditionally grant the writ.

 This proceeding arises from a lawsuit brought by David Pena. 
Pena alleged that, while shopping for a new vehicle at Frank Smith's
auto dealership, a Frank Smith salesman appropriated his credit
information and used that information to accumulate substantial debts
in Pena's name. Pena brought suit in state court against Frank Smith
Sales and Jimmy Resendez,(1) and also sued three credit reporting
agencies in federal court. Pena settled the federal suit, and Frank Smith
has sought discovery of the settlement agreement on the ground that
the settlement will entitle it to a credit on any recovery Pena obtains
against Frank Smith.

 Generally, mandamus will issue only to correct a clear abuse of
discretion or violation of a duty imposed by law when that abuse
cannot be remedied by appeal. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding). 

 Frank Smith relies on the common law "one satisfaction" rule and
also the provisions of chapter 33 of the Texas Civil Practice and
Remedies Code. The "one satisfaction" rule provides that, where a
claimant seeks recovery for the same injuries from multiple parties, the
claimant is entitled to only one recovery on those injuries. Stewart Title
Guar. Co. v. Sterling, 822 S.W.2d 1, 5 (Tex. 1991); Bradshaw v. Baylor
Univ., 84 S.W.2d 703, 705 (Tex. 1935). Where there is no rational basis
for distinguishing between the damages sought in one case and the
damages underlying a settlement in another case, the "one satisfaction"
rule applies. Sterling, 822 S.W.2d at 8. Statutory law allows a
defendant to obtain a credit against any recovery of a claimant who has
already settled a claim for the same injuries with another party. Tex.
Civ. Prac. & Rem. Code Ann. § 33.012 (Vernon 1997). The rationale for
this doctrine is that the plaintiff should not receive a windfall by
recovering an amount in court that covers the plaintiff's entire damages,
but to which a settling defendant has already partially contributed. First
Title Co. of Waco v. Garrett, 860 S.W.2d 74, 78 (Tex. 1993).

 Settlement agreements, including the amount of the settlement,
are discoverable where they are shown to be relevant. Tex. R. Civ. P.
166b(2)(f)(2); Ford Motor Co. v. Leggat, 904 S.W.2d 643, 649 (Tex.
1995). Generally, the party resisting discovery has the burden to plead
and prove the basis of its objection. State v. Lowry, 802 S.W.2d 669,
671 (Tex. 1991); General Elec. Co. v. Salinas, 861 S.W.2d 20, 23 (Tex.
App.--Corpus Christi 1993, no writ); see also In re Continental Ins. Co.,
994 S.W.2d 423, 428 (Tex. App.--Waco 1999, orig. proceeding) (party
resisting discovery of settlement agreement had burden to show
settlement was not relevant). 

 The issue before us, then, is whether Pena carried his burden to
prove that the settlement agreement he reached with the credit
reporting agencies did not compensate him for the same injuries he
sought to recover from Frank Smith, and therefore was not relevant.

 In his state court petition against Frank Smith, Pena stated his
injuries as: 

1) Economic damages; 

2) Credit damage, both (sic) past, present, and future;

3) Mental anguish in the past and which will in all
reasonable probability continue in the future;

4) Embarrassment and humiliation; 

5) Worry and stress;

6) Compensatory and actual damages;

7) Pre-judgment interest at the highest rate allowed by
law; 

8) Post-judgment interest at the highest rate allowed by
law;

9) Punitive damages;

10) All attorney fees; and 

11) Court costs.Pena also alleged that Frank Smith had "converted the plaintiff's
money." Pena's petition detailed several incidents where his damaged
credit prevented him from making purchases and described his
"humiliation" and mental anguish from these incidents. The petition did
not describe any other forms of "economic damages" or "compensatory
and actual damages," or explain in what way Frank Smith had
"converted the plaintiff's money."

 Similarly, Pena's complaint in federal court against the credit
reporting agencies listed his damages as:

1) Past and future mental anguish;

2) Embarrassment; 

3) Humiliation;

4) Exemplary damages;

5) Attorney fees;

6) Costs, 

7) Actual and economic damages;

8) Loss (sic) wages;

9) Loss of opportunity;

10) Compensatory damages;

11) Prejudgment and post judgment interest; and 

12) Any other relief to which Plaintiff may be justly entitled
to receive.

The complaint also alleged that Pena had suffered "damage to
reputation." Just as the state court petition had done, Pena's federal
complaint repeatedly alleged that he had been denied credit for
purchases and thereby suffered humiliation and mental anguish. The
complaint also contended that Pena had spent money on attorneys to
clear up his credit record. However, the complaint did not specify any
other means by which Pena had suffered "actual and economic
damages," or "loss of opportunity," did not otherwise specify what
should be compensated by his request for "compensatory damages,"
and did not explain how he had suffered lost wages.

 It is apparent that Pena sought recovery for the same set of
injuries in both suits. Pena alleged that Frank Smith committed various
torts in permitting its salesman to appropriate Pena's credit information,
and the credit reporting agencies committed various torts through the
lethargic manner with which they cleared his credit record. Combined,
these tortious acts repeatedly caused Pena to be denied credit for
purchases, which caused him mental anguish. From the record before
us, it is not possible to separate the effects of Frank Smith's alleged
torts from those of the credit reporting agencies. Therefore, we hold
that Pena has failed to sustain his burden of proving that his settlement
with the credit reporting agencies is not relevant to Frank Smith's claim
for a credit in the litigation pending against it.

 Pena relies on Leggat, 904 S.W.2d 643; Palo Duro Pipeline Co. v.
Cochran, 785 S.W.2d 455 (Tex. App--Houston [14th Dist.] 1990, orig.
proceeding) and the companion cases of Nermyr v. Hyde, 799 S.W.2d
472 (Tex. App.--El Paso 1990, orig. proceeding) and Burlington
Northern, Inc. v. Hyde, 799 S.W.2d 477 (Tex. App.--El Paso 1990, orig.
proceeding); all cases where discovery of settlement agreements was
denied. However, those cases are inapposite because in none of those
cases did the party seeking discovery argue that the settlement
agreement was relevant under the "one satisfaction" rule. Rather, the
courts were concerned that the party seeking discovery wanted the
settlements merely for strategic advantage in settlement negotiations.
See Leggat, 904 S.W.2d at 649; see also Palo Duro, 785 S.W.2d at 457.

 Pena contends that, because Frank Smith has not yet pleaded its
entitlement to a settlement credit, Frank Smith also "wants the
settlement information in order to gain an unfair advantage during the
upcoming negotiations." However, it was not necessary for Frank
Smith to have already pleaded its entitlement to a settlement credit. 
See Tex. Civ. Prac. & Rem. Code Ann. § 33.014 (Vernon 1997) (election
of credit for settlements must be filed before issues are submitted to the
trier of fact, otherwise defendant is considered to have elected sliding
percentage election of section 33.012(b)). Furthermore, Frank Smith's
motivation is not the deciding factor - if Frank Smith establishes
legitimate entitlement to discovery of the settlement, it does not matter
if Frank Smith's "real" motivation is one which, standing alone, would
not support discovery. 

 Pena argues that Frank Smith is not entitled to mandamus
because it has an adequate remedy by raising on appeal its complaint
about the inability to discover the settlement agreements. However,
remedy by appeal is inadequate when the trial court disallows discovery
and the missing discovery cannot be made part of the appellate record. 
Walker, 827 S.W.2d at 843. When this occurs, a reviewing court is
unable to evaluate the effect of the trial court's alleged error on the
record before it. Id. at 843-844. In this case, the trial court's protective
order prohibiting discovery of the settlement agreements prevents them
from being part of the record on appeal. Pena objected to discovery on
the ground that the settlement was confidential. Therefore, the
agreement cannot be included in the record as a bill of exceptions,
because to do so would breach the confidentiality urged by Pena. 

 An appeal is also inadequate as a remedy where the party's ability
to present a viable claim or defense at trial is vitiated by or severely
compromised by the trial court's discovery order. Able Supply Co. v.
Moye, 898 S.W.2d 766, 772 (Tex. 1995). In this case, Frank Smith
cannot present its "one satisfaction" claim and its entitlement to a
settlement credit without discovery of the settlement agreements. We
hold that Frank Smith has no adequate remedy by appeal. 

 We conditionally grant relator's petition for writ of mandamus. 
We order the trial court to vacate its April 13, 2000 order denying Frank
Smith's motion to compel production of the settlement agreement
reached with the credit reporting agencies, and order the trial court to
grant the motion to compel production of the settlement agreement. 
We are confident that the trial court will act in accordance with our
directive. The writ will not issue unless the trial court fails to comply
with this opinion.

 MELCHOR CHAVEZ

 Justice


Publish. Opinion delivered and filed this

Tex. R. App. P. 47.3. the 2nd day of November, 2000.


1. Resendez was employed at the dealership, but he is not the
salesman alleged to have appropriated Pena's credit information.