In re ONCOR ELECTRIC DELIVERY COMPANY LLC, Relator.

No. 05–10–00459–CV.

Court of Appeals of Texas, Dallas.

May 26, 2010.

Nuru Witherspoon, Kevin Kelley, Dallas, for Real Party in Interest.

Before Justices BRIDGES, LANG–MIERS, and MYERS.

## OPINION

Opinion by Justice BRIDGES.

The Court has before it relator's motion for rehearing, which is **GRANTED.** We withdraw our opinion of April 23, 2010 and vacate our order of that same date. The following is now the opinion of the court.

Relator filed this mandamus proceeding after the trial court orally ordered it to respond to an interrogatory and document request that required relator to provide information and documents related to every litigation in which it has been involved for the last five years. We conclude the trial court abused its discretion in ordering this discovery and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Mandamus is an appropriate remedy when a trial court orders discovery of information that is clearly irrelevant and unlikely to lead to the discovery of admissible evidence. *See K Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431–32 (Tex.1996) (finding interrogatory and document request seeking information about criminal conduct on company property nationwide for past ten years overly broad); *Dillard Dept. Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995) (holding a twenty-state search for documents over a five-year period to attempt to identify racial discrimination in false arrests by store was overly broad). In this case, the discovery ordered by the trial court, which required relator to produce every document from every lawsuit in which it has been involved for the past five years, with no limitations as to subject matter, was overly broad as a matter of law. Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its oral order of April 12, 2010, that requires relator to respond in full to real party in interest's Interrogatory Number 5 and Request for Production Number 9.