NUMBER 13-11-00197-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

IN
RE WASTE MANAGEMENT OF TEXAS, INC.

WASTE
MANAGEMENT OF TEXAS, INC. D/B/A

WASTE
MANAGEMENT, PHARR, TEXAS, AND JOHN MARTINEZ

                                                                                                                    
  

 

On Petition for Writ
of Mandamus.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Vela, and Perkes 

Memorandum Opinion by
Justice Vela

 

 Relators, Waste Management of Texas,
Inc., Waste Management of Texas, Inc. d/b/a Waste Management, Pharr, Texas, and
John Martinez (collectively “Waste Management”), filed a petition for writ of
mandamus and a request for temporary stay in the above cause on April 7, 2011,
seeking to compel the trial court to vacate an order compelling discovery on
grounds of relevance, overbreadth, and burdensomeness.  On April 8, 2011, this
Court granted the request for temporary stay, stayed the trial court’s order
compelling discovery, and requested that the real party in interest, Romeo
Garza Jr., file a response to the petition for writ of mandamus, and such
response has now been filed.  We deny the petition for writ of mandamus.  

I.  Background

The underlying litigation concerns a
vehicular collision between Garza and Martinez, who was driving a garbage truck
in the course and scope of his employment as a driver for Waste Management. 
According to Garza’s first amended original petition, Martinez pulled away from
a stop sign directly into Garza’s lane of travel.  Garza brought suit against
relators for personal injuries.  Garza served various forms of discovery requests
on Waste Management, but the only one at issue in this proceeding is the following
request for production:

Produce pleadings,
discovery (including corporate representative depositions, answers to: 
interrogatories, requests for disclosure, requests to produce documents, and
requests to admit), on all other lawsuits involving incidents in which Waste
Management of Texas, Inc. has been sued in Texas and in which unsafe driving on
the part of a Waste Management of Texas, Inc. driver has been alleged and/or in
which it is alleged Waste Management of Texas, Inc. did not employ proper
safety and/or was negligent with regard to its policies for the operation of
its vehicles, the training of its drivers, or in setting safety policies.  

 

Waste Management
objected to the request as follows:

 

 

Defendant objects
that the request is overly broad, not relevant, not reasonably calculated to
lead to the discovery of admissible evidence and not reasonably limited in
subject matter, geography or time. . . .  Further, this request is unduly
burdensome and harassing because the burden or expense of the proposed
discovery outweighs its likely benefits, taking into account the needs of the
case the amount in controversy, and the importance of the proposed discovery in
resolving the issues . . . .  Finally, Defendant objects that this request is
compound and confusing.  

 

Waste Management did not otherwise respond to this
request for production.[1] 
Garza filed a motion to compel regarding this response, stating that the
“[p]arties are currently working on resolving the discovery dispute; however,
court intervention is necessary if the parties do not reach an agreement.” 
Attached to the motion to compel was correspondence from Waste Management’s
counsel stating that “[a]s we discussed, we will continue to search for
information related to Waste Management litigation in the South Texas region
and beyond.”  

Waste Management filed a response to the
second motion to compel discovery, supported by the January 26, 2011 affidavit
of Carrie Schadle, an attorney for Waste Management.  Ms. Schadle testified as
follows:

My
firm has represented Waste Management since 2001.  During that time, there have
been approximately 100 cases which have gone into litigation.  In order to
determine whether such cases are responsive to Plaintiff’s request, counsel for
Defendant will have to identify the existing computer files relating to those
cases, order whatever files may exist for those cases from archives, identify
documents which may exist in this office, and request a search at Waste
Management for documents relating to litigated matters.

 

After
those documents and files have been collected, it will take a minimum of 2-2.5
hours per file to determine whether the case falls within the scope of the
request and what, if any documents might be responsive.  At $300 per hour, the
cost of identifying, collecting, searching, evaluating and producing responsive
documents for the approximately 100 files since 2001 could easily exceed
$70,000.00.

 

This
cost will not include copying costs, or the costs to Waste Management of
pulling its employees away from their regular work to search for documents.

 

These
estimates will not include the time and cost associated with documents handled
by other attorneys or firms.  An inquiry to Waste Management revealed that
there are approximately 90 other files that may represent suits filed against
Defendant.  The only way to identify documents for cases filed before the
involvement of the undersigned firm would be to query insurance companies that
carried policies of insurance for the relevant periods of time.  Depending on
the information available from the insurance carriers, the next step would be
to seek out those files, most likely from attorneys who handled those cases. 
Those attorneys will have to search and will incur attorney’s fees which will
have to be reimbursed.  While it would be impossible to determine exactly how
much time such a search would take, the cost will be very high.  Tracking down
these documents will be far more complicated than reviewing those handled by
this firm and it would be reasonable to assume that the cost of tracking down
these earlier cases would be double that of the those files handled by the
undersigned firm.

 

The text of Waste Management’s response to the second
motion to compel differs in some respects from Schadle’s affidavit.  The
response says, “Waste Management has 190 cases flagged as “litigation” cases in
the claims database,” and “[a]pproximately 100 of these cases have been handled
by the undersigned firm since 2001.”  The response speculates that “it is
likely the volume of documents will be in the hundreds of thousands of pages,”
and further speculates that the costs of copies alone could conservatively
exceed $25,000.  The response asserts that these estimates do not take into
account the 90 other suits handled by other firms, and speculates that it might
cost “somewhere in the neighborhood of $75,000 or more” to recover those
files.  

Garza filed a reply to Waste
Management’s response to the motion to compel contending, among other things,
that the discovery sought pertaining to other accidents involving Waste
Management’s garbage trucks and vehicles was relevant vis-à-vis his claims for
faulty safety practices and training and that there was a direct relationship
between the claims at issue and the discovery sought.[2]

The trial court heard the motion to
compel at a non-evidentiary hearing on January 27, 2011.  At the hearing, the
trial court ordered Waste Management to respond to the request for production,
but directed that the response should be limited to those litigation files
relating to garbage trucks in Texas in the past five years.  The trial court,
however, agreed to hear a motion to reconsider its ruling the following week.  

After the hearing, Waste Management
filed a “Motion for Reconsideration and Supplemental Response to Plaintiff’s
Second Motion to Compel Discovery.”  This motion was supported by a second
affidavit from Schadle, dated February 2, 2011:

My
firm has represented Waste Management since 2001.  Since 2005, there have been
thirty-two cases which have gone into litigation in Texas where Waste
Management was represented by my firm.

 

            A
conservative estimate is that it will take a minimum of 2-2.5 hours per file to
determine what, if any documents in these files might be responsive to
Plaintiff’s request as modified by the Court.  At $300 per hour, the cost of
identifying, collecting, searching, evaluating and producing responsive
documents could easily be at least $24,000.00.  This cost will not include
copying costs, or the cost to pull the files from the archives.

 

            These
estimates will not include the time and cost associated with determining
whether any cases that may have been handled by other firms would contain
documents responsive to the request.

 

On February 3, 2011, the trial court held a
non-evidentiary hearing on the motion for reconsideration.  On March 9, 2011,
the trial court issued an order granting Garza’s motion to compel and requiring
Waste Management to:  

Produce
pleadings, discovery (including representative depositions, answers to
interrogatories, requests for disclosure, requests to produce documents, and
requests to admit), on all other lawsuits involving garbage truck accidents in
which Waste Management of Texas, Inc. has been sued in Texas in the five years
preceding the date of this order, and in which unsafe driving on the part of a
Waste Management of Texas, Inc. driver has been alleged and/or in which it is
alleged Waste Management of Texas, Inc. did not employ proper safety and/or was
negligent with regard to its policies for the operation of its vehicles, the
training of its drivers, or in setting safety policies.  Any material related
to any person’s healthcare information subject to HIPAA[[3]]
is excluded from production and may be redacted by Defendants.

 

The trial court ordered production by March 25, 2011.  By
letter agreement, the parties agreed to extend the deadline for production
until April 7, 2011.  On April 7, 2011, Waste Management did not produce the
documents at issue to Garza, but instead filed this original proceeding.[4]

 

            In this original proceeding, Waste Management
contends by three issues that the trial court abused its discretion in
overruling Waste Management’s objections to the request for production because
the request is:  (1) not likely to lead to the discovery of admissible
evidence; (2) overly broad; and (3) unduly burdensome.           

II.  Standard of Review

Mandamus will issue if the relator
establishes a clear abuse of discretion for which there is no adequate remedy
by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36
(Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding).  With regard to discovery rulings, a party will
not have an adequate remedy by appeal when:  (1) the appellate court would not
be able to cure the trial court’s discovery error; (2) the party’s ability to
present a viable claim or defense at trial is vitiated or severely compromised
by the trial court’s discovery error; or (3) the trial court disallows
discovery and the missing discovery cannot be made a part of the appellate
record or the trial court, after proper request, refuses to make it part of the
record.  In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig.
proceeding); Walker, 827 S.W.2d at 843.  

As stated more recently by the supreme
court, mandamus may be appropriate to correct alleged discovery errors when,
for instance, the order complained of requires disclosure of privileged
information or trade secrets that materially affect the rights of the relator;
when discovery imposes a burden that is disproportionate to any benefit
received by the requesting party; and when the trial court’s discovery order
compromises the relator’s ability to present a viable claim or defense.  In
re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 468 (Tex. 2008) (orig.
proceeding).  An order that compels overly broad discovery is an abuse of
discretion for which mandamus is the proper remedy.  In re Deere & Co.,
299 S.W.3d 819, 820–21 (Tex. 2009) (orig. proceeding) (per curiam).  Stated
otherwise, mandamus relief is proper when a trial court signs an order
compelling discovery that is outside the proper bounds of discovery.  In re
Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

III. 
Relevance

 

In its first issue, Waste Management
contends that the request at issue is a “fishing expedition” that is not likely
to lead to the discovery of admissible evidence.  “Fishing” for evidence is
impermissible.  K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex.
1996).  In examining Waste Management’s contention, we note that “the ultimate
purpose of discovery is to seek the truth, so that disputes may be decided by
what the facts reveal, not by what facts are concealed.”  In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (quoting Jampole
v. Touchy, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding)); see In
re Alford Chevrolet-Geo, 997 S.W.2d 173, 180 (Tex. 1999) (orig.
proceeding).

Our procedural rules define the scope of
discovery to include any unprivileged information that is relevant to the
subject of the action, even if it would be inadmissible at trial, as long as
the information sought is “reasonably calculated to lead to the discovery of
admissible evidence.”  Tex. R. Civ. P.
192.3(a); In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig.
proceeding); see also Eli Lilly & Co. v. Marshall, 850 S.W.2d 155,
160 (Tex. 1993).  Information is relevant if it tends to make the existence of
a fact that is of consequence to the determination of the action more or less
probable than it would be without the information.  Tex. R. Evid. 401.  The phrase “relevant to the subject
matter” is to be “liberally construed to allow the litigants to obtain the
fullest knowledge of the facts and issues prior to trial.”  Ford Motor Co.
v. Castillo, 279 S.W.3d 656, 664 (Tex. 2009) (quoting Axelson, Inc. v.
McIlhany, 798 S.W.2d 550, 553 (Tex. 1990)). 

Although the scope of discovery is
broad, discovery requests must nevertheless show a “reasonable expectation of
obtaining information that will aid the dispute’s resolution.”  In re CSX
Corp., 124 S.W.3d at 152; see In re Am. Optical Corp., 988
S.W.2d at 713.  Thus, discovery requests must be “reasonably tailored” to
include only relevant matters.  In re CSX Corp., 124 S.W.3d at 152; In
re Am. Optical Corp., 988 S.W.2d at 713.  Therefore, the preemptive denial
of discovery is proper if there exists no possible relevant, discoverable
testimony, facts, or material which would support or lead to evidence that
would support a claim or defense.  Ford Motor Co., 279 S.W.3d at 664.

            Waste Management asserts that the request for
production at issue seeks irrelevant information and is a mere fishing
expedition.[5] 
We first address Waste Management’s contention that Garza should not be
permitted to “distract attention from the incident at hand” by including a
gross negligence and exemplary damages claim.  Waste Management asserts that
Garza’s gross negligence claim is based on his allegation that Waste Management
acted with conscious indifference to the rights, welfare and safety of others
by hiring a safety director for its Houston office, but by failing to hire a
safety director for its Rio Grande Valley office or other areas, thus ignoring
safety training and policies in the Rio Grande Valley and other areas.  Waste
Management thus contends that Garza should “at most” be entitled to discovery
of lawsuits involving accidents with garbage trucks and drivers who worked out
of the Pharr, Texas office.[6] 
Waste Management essentially argues that Garza amended his pleadings to include
a claim for gross negligence in order to justify the breadth of his discovery
request.  We note in this regard that, based on the record before us, Waste
Management neither attacked Garza’s pleadings through motions for sanctions, by
special exceptions, or by motion for summary judgment.

            Garza’s original petition, unlike his amended
petition, did not include claims against Waste Management pertaining to the lack
of a safety director in Pharr, the proper training of its drivers, the
scheduling of its drivers, or gross negligence.  Garza amended his petition to
include these claims after deposing Martinez and a corporate representative for
Waste Management, and after receiving some of Waste Management’s responses to
discovery.  In Waste Management’s First Amended and Supplemented Responses,
Answers, and Objections, Waste Management revealed that it does not have a
safety manager whose specific area of responsibility is the Rio Grande Valley
District of Waste Management; Chuck Haraf is the area safety manager whose
responsibility includes Pharr, Texas, and his office is located in Houston,
Texas; Haraf visited the Pharr region of Waste Management in January, August,
and September 2010; and two other safety professionals for the company visited
the Pharr region of Waste Management in 2010. 

Based on the foregoing, the trial court
may have reasonably concluded that Garza’s request for production is not a
fishing expedition because it is not based on speculation, but is instead based
on Waste Management’s own responses to discovery.  See In re Sears
Roebuck & Co., 123 S.W.3d 573, 578 (Tex. App.—Houston [14th Dist.]
2003, orig. proceeding) (stating that a fishing expedition is one aimed not at
supporting existing claims but at finding new ones).  This is not a case where
Garza is attempting to justify an overbroad discovery request by proving a
general corporate strategy regarding unspecified safety laws, but a discovery request
specifically targeted to the safety policies and practices as they relate to
the circumstances involved in this lawsuit, and as evidenced in previous
discovery responses.  See Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815
(Tex. 1995) (orig. proceeding).

Waste Management argues that the
discovery request does not lead to the discovery of admissible evidence of
“reasonably similar” accidents:

In this case, Garza
alleges that Defendant Martinez pulled away from a stop sign into his line of
travel. . .  Even if this were true . . . this is not a case involving
training, safety policies, or some esoteric application of complicated rules to
a complex set of facts.  This is a simple negligence case—the alleged failure
to comply with a basic traffic law about which no licensed Texas driver or
holder of a Texas Commercial Driver’s License is unfamiliar.  To suggest that
an alleged failure to stop at a stop sign is the result of negligent training
or failure to follow a safety policy by Waste Management is ludicrous.  

 

Waste Management thus asserts that a “more reasonable”
discovery limitation “would be a limitation to those cases in which plaintiffs
allege a Waste Management driver ran a stop sign.”[7]


            In the instant case, the request for
production seeks pleadings and discovery from lawsuits:

involving incidents
in which Waste Management of Texas, Inc. has been sued in Texas and in which
unsafe driving on the part of a Waste Management of Texas, Inc. driver has been
alleged and/or in which it is alleged Waste Management of Texas, Inc. did not
employ proper safety and/or was negligent with regard to its policies for the
operation of its vehicles, the training of its drivers, or in setting safety
policies.  

 

Garza’s first amended original petition asserts that the
“Pharr office of Waste Management does not have any safety director, and this
is a policy which emanates from corporate headquarters of Waste Management.” 
The petition continues that “Drivers such as Defendant Martinez are not
properly trained in safety and/or their work schedule is such that it promotes
unsafe driving.”  

            All of the cases cited by Waste Management in
connection with its arguments pertaining to relevance concern the admissibility
of evidence, not the discovery of evidence.  According to Waste Management,
there is a “nexus” between the admissibility of evidence and the
discoverability of information, and “courts often use both types of cases when
discussing discoverability.”  Waste Management’s arguments are, to some extent,
correct.  The two concepts are related and courts often use both types of cases
when discussing discovery.  For example, in rejecting discovery as overbroad and
irrelevant, the Texas Supreme Court has explained that:

[T]he plaintiffs’
requests and the trial court’s order reflect a misunderstanding about
relevance.  American jurisprudence goes to some length to avoid the spurious
inference that defendants are either guilty or liable if they have been found
guilty or liable of anything before.  See, e.g., Tex. R. Evid. 404 (barring proof of other crimes, wrongs, or
acts “in order to show action in conformity therewith”).  While such evidence
might be discoverable in some cases (e.g., to prove motive or intent, see
id.), it is hard to see why reneging on some other settlement offer makes
it more or less probable that the insurer reneged on this one.  Tex. R. Civ. P. 192.3; Tex. R. Evid.401.

                                                                                                                         

In re Allstate County Mut. Ins. Co.,
227 S.W.3d 667, 669–70 (Tex. 2007) (orig. proceeding).

            Nevertheless, Waste’s contentions herein
essentially assume that the standards for discovery and standards for
admissibility are wholly congruent.  That is incorrect.  Discovery is not limited
only to information that will be admissible at trial.  Tex. R. Civ. P. 192.3(a); Eli Lilly & Co., 850
S.W.2d at 160 (Tex. 1993); Jampole, 673 S.W.2d at 573.  “To increase the
likelihood that all relevant evidence will be disclosed and brought before the
trier of fact, the law circumscribes a significantly larger class of
discoverable evidence to include anything reasonably calculated to lead to the
discovery of material evidence.”  Jampole, 673 S.W.2d at 573; see
Allen v. Humphreys, 559 S.W.2d 798 (Tex. 1977) overruled on other
grounds, Walker v. Packer, 827 S.W.2d 833 (Tex. 1992); In re
Nolle, 265 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2008, orig.
proceeding). 

            Based on the foregoing, the trial court may
have concluded that the information sought in the request for production is
relevant and discoverable because it has a tendency to make the existence of a
fact that is consequential to the determination of the action—that is, whether
or not the accident was caused because the Pharr region of Waste Management did
not properly train its drivers in safety matters, or improperly scheduled them,
or because the Pharr region of Waste Management did not employ a safety director
when other Waste Management locations did—more probable or less probable than
it would be without the evidence.  See Tex.
R. Evid. 401.  An examination of the state-wide distribution of
litigation files in comparison to Waste Management’s regional safety offices
would be relevant to Garza’s claim that the Pharr office of Waste Management is
deficient in its safety training and management.  Waste Management’s first
issue is overruled.

IV. 
Overbreadth

 

            Waste Management contends in its second issue
that the discovery request is overly broad because the scope of discovery is
not limited to the subject matter of the suit, that is, whether Martinez was
negligent or Waste Management acted negligently toward Martinez in training him
or scheduling him, thereby causing the accident.  Waste Management contends
that the request is not limited in scope to documents concerning Martinez’s
training and is not limited in time to the years that Martinez was employed by
Waste Management. 

            Discovery orders requiring document
production from an unreasonably long time period or from distant and unrelated
locales are impermissibly overbroad.  See In re CSX Corp., 124 S.W.3d at
152; see In re Am. Optical Corp., 988 S.W.2d at 713; Dillard Dep’t
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995); Texaco, 898
S.W.2d at 815.  A central consideration in determining overbreadth is whether
the request could have been more narrowly tailored to avoid including tenuous
information and still obtain the necessary, pertinent information.  See In
re CSX Corp., 124 S.W.3d at 153; In re Am. Optical Corp., 988
S.W.2d at 713.  Overbroad requests for irrelevant information are improper
whether they are burdensome or not, so evidence is not necessary to support an
objection if the discovery requests themselves demonstrate overbreadth as a
matter of law.  See In re CSX Corp., 124 S.W.3d at 153; In re Union
Pac. Res. Co., 22 S.W.3d 338, 341 (Tex. 1999) (orig. proceeding); In re
Mem’l Hermann Healthcare Sys., 274 S.W.3d 195, 202 (Tex. App.—Houston [14th
Dist.] 2008, orig. proceeding).  However, a reasonably tailored discovery
request is not overbroad merely because it may include some information of
doubtful relevance, and the “parties must have some latitude in fashioning
proper discovery requests.”  In re Am. Optical Corp., 988 S.W.2d at 713;
Texaco, 898 S.W.2d at 815. 

            In analyzing the discovery request at issue,
we are guided by numerous cases which have addressed overbroad discovery
requests.  See, e.g., In re Allstate County Mut. Ins. Co., 227 S.W.3d at
670 (holding that requests for transcripts of all testimony ever given by any
Allstate agent on the topic of insurance; every court order finding Allstate
wrongfully adjusted the value of a damaged vehicle; personnel files of every
Allstate employee a Texas court has determined wrongfully assessed the value of
a damaged vehicle; and legal instruments documenting Allstate’s status as a
corporation and its net worth were overbroad); In re CSX Corp., 124
S.W.3d at 153 (stating that request to identify all safety employees who worked
for defendant over a thirty-year period qualifies as a “fishing expedition”); In
re Am. Optical Corp., 988 S.W.2d at 713 (stating that request for
production of all documents the defendant had ever produced on any of its
products over the course of its fifty years in business was overbroad and of
questionable relevance); K Mart Corp., 937 S.W.2d at 431 (stating that
request for information relating to all criminal activity on all K Mart
property over last seven years was overbroad); Dillard Dep’t Stores, Inc.,
909 S.W.2d at 492 (stating that a request requiring a 227-store search in
twenty states for documents over a five-year period was overly broad); Texaco,
Inc., 898 S.W.2d at 814–15 (stating that request for “all documents written
by [defendant’s safety director] that concerned safety, toxicology, and
industrial hygiene, epidemiology, fire protection and training” was overbroad);
Gen. Motors Corp. v. Lawrence, 651 S.W.2d 732, 734 (Tex. 1983) (stating
that requests concerning fuel filler necks in every vehicle ever made by
General Motors were overbroad); see also Fethkenher v. Kroger Co., 139
S.W.3d 24, 30 (Tex. App.—Fort Worth 2004, no pet.) (concluding that discovery
request was overbroad where it asked store to describe, in detail, any previous
incidents pertaining to automatic door malfunctions at all 188 stores in
southwest region; court noted that appellant “failed to narrow the request in a
manner that would heighten its relevancy”); In re Lowe’s Cos., 134
S.W.3d 876, 880 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding)
(holding that discovery order was overbroad where it allowed plaintiffs to
access computer data without any limitation as to time, place, or subject
matter and print data concerning falling merchandise accidents for an unlimited
period of time preceding the accident in this case and for an unlimited
geographic area).  

            In examining the appropriate breadth of
discovery, it is fundamental that each lawsuit concerns a specific claim
arising from a specific set of facts.  Those seeking discovery, however, are
often interested in learning about related accidents, products, or claims
culminating in litigation.  Such requests might be appropriate or might be
overbroad depending on the relationship between the request for production and
the claims at issue in the lawsuit.  See, e.g., In re Oncor Elec. Delivery
Co. LLC, 313 S.W.3d 910, 910 (Tex. App.—Dallas 2010, orig. proceeding)
(holding discovery order requiring relator to produce every document from every
lawsuit in which it has been involved for the past five years, with no
limitations as to subject matter, was overly broad as a matter of law.); see
also In re Valvoline Co., No. 01-10-00208-CV, 2010 Tex. App. LEXIS 3696, at
**20–21 (Tex. App.—Houston [1st Dist.] May 14, 2010, orig. proceeding) (mem.
op.) (granting mandamus relief where “benzene-related lawsuits” was undefined
in the discovery requests and the request was not limited to suits containing
claims similar to that suit).  

            It is clear that, under certain
circumstances, parties are entitled to discover information about other
lawsuits.  See, e.g., Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 850
(Tex. 1992) (referencing Chrysler’s failure to “disclose all similar lawsuits,”
but concluding that plaintiff was not harmed by the omission); Humphreys v.
Caldwell, 881 S.W.2d 940, 945 (Tex. App.—Corpus Christi 1994, orig.
proceeding) (concluding that relator failed to meet burden to show that
responding to interrogatory “regarding all lawsuits in Texas within the last
five years involving similar claims in which State Farm had been a party” was
overbroad or unduly burdensome); State Farm Mut. Auto. Ins. Co. v. Engelke,
824 S.W.2d 747, 751 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)
(compelling answer to interrogatory about lawsuits for five-year period). 
Thus, discovery as to other lawsuits has been allowed when the information
sought is relevant, that is, when the other lawsuits have a material connection
to an issue in the case, or present the same or similar issues, or are
factually similar.  See, e.g., Allen, 559 S.W.2d at 803 (approving a
request for the production of “all complaints, lawsuits, or inquiries,
including all correspondence, documents, investigative reports, or any paper by
which the defendant responded to these complaints, claiming that persons have
contracted cancer as a result of breathing fumes,” because party could
establish pattern of disease and because that information was “unavailable from
any other source”); In re Rogers, 200 S.W.3d 318, 324 (Tex. App.—Dallas
2006, orig. proceeding) (noting that requests for documents from and
information concerning other lawsuits were “not irrelevant on their face to the
issues at hand” but the trial court abused its discretion in ordering
production because some of the documents ordered produced were subject to
confidentiality agreements or protective orders in the other lawsuits); see
also In re Ernst & Young, L.L.P., No. 05-02-00352-CV, 2002 Tex. App.
LEXIS 2986, at **4–5 (Tex. App.—Dallas April 30, 2002, orig. proceeding) (not
designated for publication) (requiring the production of pleadings where the
defendant was sued for audit or review work, professional negligence, or
accounting malpractice where “[t]hese are the same or similar matters at issue
in this case” because it was “permissible discovery”).  Cf. In re Colonial
Pipeline Co., 968 S.W.2d at 942 (“While the plaintiffs may be entitled to
production of any relevant discovery from the related cases ‘as they are kept
in the usual course of business,’ relators cannot be forced to prepare an
inventory of the documents for plaintiffs.”).  As recently stated by the First
District Court of Appeals, when discovery of material related to other lawsuits
and complaints is allowed, the information sought has a “direct, material
connection to the instant litigation.”  In re Nolle, 265 S.W.3d at 495–96.

            In the instant case, the trial court’s order
limits the request for production to the temporal period of five years, the
geographical region of Texas, and the subject matter of litigation files concerning
garbage truck accidents where the case involved unsafe driving, and negligent
or improper policies regarding vehicle safety, training, or operation.  The
cases cited by Waste Management do not support the proposition that any of
these limitations is per se overbroad.  The litigation files sought are
factually similar to the case at hand, are closely related in temporal
proximity, and concern similar legal issues.  Accordingly, the trial court may
have concluded that the request for production at issue was relevant and not
overbroad.

            We note that Waste Management asserts that
the litigation files may include documents which contain private or
confidential information, such as medical and financial information about third
parties, including, for instance, social security numbers, and orders
pertaining to child support obligations.  Waste Management also asserts that
certain files may be subject to confidentiality agreements.  In this regard, we
note that the trial court expressly ordered that “[a]ny material related to any
person’s healthcare information subject to HIPAA is excluded from production
and may be redacted.”  In this proceeding, Waste Management has not identified
any specific private or confidential information in its litigation files that
would be subject to production.

            Waste Management’s argument is well-taken
insofar as the production of documents in one lawsuit does not necessarily mean
the documents may be produced without restriction in an entirely different
lawsuit.  Some of the documents ordered produced may contain confidential data
or may be subject to confidentiality agreements or protective orders in the
other lawsuits.  See In re Rogers, 200 S.W.3d at 324.  As stated by the
Texas Supreme Court:

[W]e are mindful that
resolution of this discovery dispute may affect more than the immediate parties
to this litigation. The possibility exists that the rights of CI Host’s
customers and others may be detrimentally affected or even abrogated by
disclosure of some information on the tapes; these third parties may have other
legal bases for objecting to disclosure of the information on the tapes.  Our
discovery rules do not require notice to third parties so that they might have
an opportunity to be heard on their own objections.  Yet, we are loath to allow
CI Host to unilaterally waive its customers’ privacy rights by its failing to
adhere to the discovery rules.  Cf. Eli Lilly & Co. v. Marshall, 850
S.W.2d 155, 160 (Tex. 1993) (taking into account compelling public interests in
determining scope of discovery in products-liability suit).  It therefore falls
upon the trial court to give serious consideration to these interests.  A
protective order forbidding disclosure of any trade secrets on the tapes is already
in place, and we are confident that the trial court will give due consideration
to any other privacy interests at stake as this case progresses.

 

In re CI Host, 92 S.W.3d 514, 517 (Tex.
2002) (orig. proceeding).  When a party asserts that only part of a request is
protected in such circumstances, the party must produce what is discoverable,
must assert any applicable privileges, and must segregate and produce to the
court in camera the materials that it seeks to protect from disclosure.  See
id.  Accordingly, Waste Management should produce all documents in the
lawsuits listed in the request for production that do not contain private data
and that are not subject to a confidentiality agreement or protective order in
the other lawsuits, and should request an in camera hearing regarding those
other documents containing allegedly confidential or privileged matter in order
for the trial court to give due consideration to the privacy interests at issue
in the requested documentation.  See id.

            Waste Management’s second issue is
overruled.  

V.  Unduly Burdensome

            In its third issue, Waste Management contends
that the discovery request is unduly burdensome given the likely benefits of
the discovery.  Waste Management supports this contention by reference to
Schadle’s affidavits and the estimated cost of almost $25,000, “without even
considering the extra added burden” of making sure that Waste Management
redacts the responsive documents to comply with HIPAA.  

            Under the rules of civil procedure, discovery
should be limited if it is unreasonably cumulative or duplicative, or is
obtainable from some other source that is more convenient, less burdensome, or
less expensive.  See Tex. R. Civ.
P. 192.4(a); In re Stern, 321 S.W.3d 828 (Tex. App.—Houston [1st
Dist.] 2010, orig. proceeding).  Further, discovery should be limited if the
burden or expense of the proposed discovery outweighs its likely benefit,
taking into account the needs of the case, the amount in controversy, the
parties’ resources, the importance of the issues at stake in the litigation,
and the importance of the proposed discovery in resolving the issues.  See
Tex. R. Civ. P. 192.4(b); In
re Weekley Homes, L.P., 295 S.W.3d 309, 317 (Tex. 2009) (orig. proceeding). 


The fact that a discovery request is
burdensome is not enough to justify protection; “it is only undue burden that
warrants nonproduction.”  ISK Biotech Corp. v. Lindsay, 933 S.W.2d 565,
568 (Tex. App.—Houston [1st Dist.] 1996, no pet.); see In re Alford
Chevrolet-Geo, 997 S.W.2d at 181 (requiring demonstration of undue burden
or harassment); In re Energas Co., 63 S.W.3d 50, 55 (Tex.
App.—Amarillo 2001, orig. proceeding).  A discovery request will not result in
an undue burden when the burdensomeness of responding to it is the result of
the responding party's own “conscious, discretionary decisions.”  ISK
Biotech Corp., 933 S.W.2d at 569; see In re Whiteley, 79
S.W.3d 729, 734–35 (Tex. App.—Corpus Christi 2002, orig. proceeding).  A party
resisting discovery cannot make conclusory allegations that the requested
discovery is unduly burdensome but must instead produce some evidence
supporting its request for a protective order.  In re Alford Chevrolet-Geo,
997 S.W.2d at 181; In re Energas Co., 63 S.W.3d at 55.

            Waste Management provided a specific time and
cost estimate for the discovery via testimony that the request would require
the production of thirty-two files at approximately two and a half hours per
file and its counsel would charge $300 per hour for the production.  According
to the testimony, the production did not include the costs of copying or
recalling the files from archives.  In the instant case, the trial court may
well have determined that the alleged costs were excessive given that the trial
court specifically referred to these estimates as “guestimates.”  Moreover, the
trial court may have determined that the charge of $300 hourly was excessive. 

 

            Further, given the paucity of information
before trial court and this Court, it is difficult to conclude that the trial
court abused its discretion in refusing to limit the discovery on grounds that
it causes an undue burden.  Waste Management asserts that Garza could more
easily and less expensively obtain the same information by deposition; however,
Waste Management does not assert or provide evidence that any specific person
could provide the requested information.  There is no information in the record
regarding the amount in controversy or the parties’ resources.  We do not know
how 

Garza was injured, although counsel asserted in hearing
that his incurred medical expenses approximated $60,000, nor do we know what
compensation Garza is seeking in this lawsuit.  Moreover, Waste Management did
not provide testimony pertaining to how many litigation files that might be
responsive had been handled by other firms, although, based on arguments at the
trial court’s hearings in this matter and the text of the petition itself, the
parties may have chosen to focus solely on the thirty-two files handled by its
current firm.  See BASF Fina Petrochemicals L.P. v. H.B. Zachry Co., 168
S.W.3d 867, 875 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding that
nonparties do not recover their attorneys’ fees incurred in complying with a
subpoena).  Without objective data, such as information regarding the foregoing
matters, it is difficult to evaluate the extent of the burden involved for
Waste Management and balance that burden against Garza’s legitimate interests
in obtaining that information, and even more difficult to conclude that the
trial court abused its discretion.  Accordingly, it was at least within the
discretion of the trial court to determine that Waste Management failed to
carry its burden of proving burdensomeness as a justification for refusing to
produce.  

            Waste Management’s third issue is overruled.

VI.  Conclusion

Based on the record presented, the trial
court did not abuse its discretion by ordering Waste Management to produce the
discovery at issue herein.  We lift the stay previously imposed in this
matter.  See Tex. R. App. P.
52.10(b) (“Unless vacated or modified, an order granting temporary relief is
effective until the case is finally decided.”).  We deny the petition for writ
of mandamus.  

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

31st day of August,
2011.

 









[1]
We note that the rules of discovery required Waste Management to “comply with
as much of the request to which the party has made no objection unless it is
unreasonable under the circumstances to do so before obtaining a ruling on the
objection.”  Tex. R. Civ. P.
193.2; see also id. R. 193 cmt.2.  





                [2]
Garza also included an argument
which we will characterize as “what’s good for the goose is good for the
gander.” Apparently earlier in the litigation, the trial court had ordered
Garza’s counsel to produce medical records from a different lawsuit in which
Garza had been represented by the same attorneys.  The trial court had reasoned
that since Garza’s counsel had represented Garza in the previous litigation,
counsel must be in a position to turn over medical records on that case.  Thus,
Garza contended that, in this case, where counsel for Waste Management admitted
that they are the same lawyers who have represented Waste Management since
2001, they should have “intimate knowledge” of the litigation files and their
contents.

 





[3]
The trial court’s order refers to the Health Insurance Portability and
Accountability Act of 1996 (“HIPAA”).  See 45 C.F.R. pts. 160 & 164
(2010).  Pursuant to HIPAA, an individual’s protected health information cannot
be disclosed without the individual’s consent unless disclosure is expressly
permitted by HIPAA.  See 45 C.F.R. 164.502. 

 





[4] We note that the issuance of mandamus
relief is largely controlled by equitable principles.  See In re Laibe Corp.,
307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding).

 

 





                [5] We note that Waste Management’s petition
for writ of mandamus places the burden of proof on Garza to “explain how the
production of pleadings and discovery from ‘similar’ lawsuits is reasonably
calculated to lead to the discovery of admissible evidence and how the request
relates to the elements of his causes of action, which he should be required to
do, ‘as relevancy is the cornerstone of admissibility.’”  We note that this
Court and others have placed the burden of proof regarding relevance, or lack
thereof, on the party seeking to avoid discovery.  See e.g., In re Frank A.
Smith Sales, Inc., 32 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2000, orig.
proceeding) (“Generally, the party resisting discovery has the burden to plead
and prove the basis of its objection.”); Valley Forge Ins. Co. v. Jones,
733 S.W.2d 319, 321 (Tex. App.—Texarkana 1987, orig. proceeding) (holding that,
as a general rule, the burden of pleading and proving the requested evidence is
not relevant falls upon the party seeking to prevent discovery).  We need not
further address Waste Management’s allegation herein because it is not
necessary to the disposition of this proceeding.  See Tex. R. App. P. 47.1, 47.4.  

 





[6]
Waste Management did not produce information within this unilaterally proposed
scope of discovery under rule 193.2(b).  See Tex. R. Civ. P. 193.2(b).  





[7] We note that this argument conflicts
with an offer made to the trial court that Waste Management would “agree to
produce for the last five years all automobile accidents that occurred in
Hidalgo County, or even the Rio Grande Valley.”  Moreover, as stated
previously, Waste Management did not produce any discovery pursuant to this
unilaterally selected scope of discovery.  See Tex. R. Civ. P. 193.2(b).