**Petition for Writ of Mandamus Conditionally Granted and Opinion filed December 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00751-CV

---

### IN RE BDPJ HOUSTON, LLC, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-54130**

---

## OPINION

Relator has filed a petition for writ of mandamus. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, to set aside her order dated August 19, 2013, compelling the production of confidential settlement information. Relator also filed an emergency motion for temporary relief, seeking to stay the enforcement of the trial

court's discovery order. *See* Tex. R. App. P. 52.10. We granted the stay and requested a response to the petition. A response has now been filed. We conditionally grant mandamus relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Relator BDPJ Houston, LLC (hereinafter the "Owner") is the owner of a commercial office building that was formerly managed by Central Management, Inc. (hereinafter the "Manager"), the real party-in-interest. The building suffered direct damage in September 2008, as a result of Hurricane Ike. After the storm, the Manager entered into a contract with Water Rescue, Inc., to extract water from the property and to perform other restoration services as needed. Water Rescue completed its work and submitted an invoice, but the company was never compensated for the services it performed.

Water Rescue filed the underlying lawsuit in August 2010, seeking recovery of approximately $130,000 from both the Owner and the Manager. The Owner denied liability, claiming that it never agreed to contract with Water Rescue. The Manager disputed this allegation and asserted that the Owner actually authorized the hiring of Water Rescue.

The Manager filed a cross-claim against the Owner, asserting claims for breach of contract, indemnity, fraud, negligent misrepresentation, unjust enrichment, and money had and received. The Manager alleged that the Owner already had recovered a settlement with an insurer, and that a portion of this settlement represented the costs for having employed Water Rescue to perform services. The settlement appears to have been the product of two previous and related lawsuits. The first lawsuit was filed in Harris County by the Owner against its insurance broker, BDL Financial, LLC. In the suit, the Owner alleged that BDL Financial was negligent because it allowed an insurance policy to lapse months

2

before Hurricane Ike. As a result of the lapse, there was no coverage during the storm. The Owner sought damages against BDL Financial primarily on a theory of diminution of value, but the record also indicates that the Owner may have used the costs of employing Water Rescue in its calculation of damages. In a summary-judgment motion, the Owner made specific reference to the repairs performed by Water Rescue and to a mechanics and materialman's lien filed on the property by Water Rescue.

The first lawsuit ended with the entry of a $3.5 million agreed judgment against BDL Financial. After obtaining this consent judgment, the Owner made a claim on BDL Financial's errors and omissions insurance carrier, CNA Financial. CNA Financial denied coverage based on an affiliated entity exclusion.[1] When CNA Financial refused to pay, the Owner filed a second lawsuit, this time in the state of Arizona. The Arizona suit resulted in a confidential settlement agreement, which is the subject of this original proceeding.

In the underlying lawsuit, the Manager served the Owner with four requests for production, each pertaining to the discovery of the Arizona settlement. The requests sought the following: (1) the settlement agreement between the Owner and Continental Casualty Company, a CNA Financial subsidiary; (2) all documents evidencing the location of the settlement funds; (3) all documents evidencing the total dollar amount of the settlement; and (4) all documents evidencing how the settlement funds have been spent. The Owner objected to these requests, asserting that they were overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Manager moved to compel production, arguing that "such documents could not be more relevant." In its response to the motion to compel, the Owner argued that the amount and location of the settlement

---

[1] The Owner and BDL Financial are owned and controlled by the same principal, Brian D. Lesk.

funds would be relevant only in the event that a judgment actually were rendered against the Owner.

The trial court granted, in part, the Manager's motion to compel, ordering the production of evidence described in requests (2) through (4). These requests pertain to the location, amount, and expenditure of settlement funds. The trial court did not order the production of the settlement agreement itself. The Owner asks this court to grant mandamus relief on the asserted basis that the settlement information is not relevant at this stage of the litigation.

## II. MANDAMUS STANDARD

To be entitled to mandamus relief, a relator generally must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the party requesting mandamus relief establishes that the trial court could have reached but one decision (and not the decision it made). *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus review of issues of law is not deferential. A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law to the facts of the case. *See In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

## III. ANALYSIS

Generally, the scope of discovery is within the trial court's discretion. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). But, the trial court must make an effort to impose reasonable discovery limits. *Id*. The trial court abuses its discretion by ordering discovery that exceeds that

4

permitted by the rules of procedure. *Id.* Usually, the scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a). Under Texas Rule of Civil Procedure 192.3(g), the scope of discovery also may extend to the existence and contents of any relevant portions of a settlement agreement. *See* Tex. R. Civ. P. 192.3(g). Information is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action or defense more or less probable than it would be without such information. *See* Tex. R. Evid. 401.

**Relevancy**

The Owner argues that the trial court abused its discretion because the requested discovery "in no way advances or assists . . . [the Manager] in satisfying its burden on any of its claims or defeating any of [the Owner's] affirmative defenses." Thus, we review the record to determine whether the discovery ordered by the trial court is relevant to a claim or defense in the underlying suit or whether it is reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a); Tex. R. Evid. 401.

The trial court ordered the production of documents evidencing the location, amount, and expenditure of settlement funds, but not the settlement agreement itself. To determine whether these individual components of the settlement are discoverable, courts usually must examine the plain terms of the settlement agreement. *See, e.g.*, *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999) (orig. proceeding) (per curiam) (trial court could have determined that the amount of a settlement was irrelevant, and therefore not discoverable, based on the terms of the agreement); *Palo Duro Pipeline Co. v. Cochran*, 785 S.W.2d 455, 457 (Tex.

App.—Houston [14th Dist.] 1990, orig. proceeding) (settlement amount was irrelevant, but settlement terms could be discovered because they were relevant to claim of conspiracy). Our limited record does not indicate that the settlement agreement was filed under seal for the trial court's in camera inspection. The agreement has not been filed with this court either, and our record reveals very few clues about its possible terms. The record does not contain any motion or pleading from the Arizona litigation, which had the most direct bearing on the settlement. The pleadings from the first litigation against BDL Financial, the Owner's insurance broker, likewise are not part of our record. If we accept the Manager's argument that the Arizona litigation is premised on the first litigation against BDL Financial, then the consent judgment potentially could establish a relationship between the settlement information and the underlying litigation. Still, the consent judgment does not refer to Water Rescue by name, nor does it specifically describe any of the services that Water Rescue performed.

Without knowing the terms of the settlement agreement, there is no basis for concluding that the location, amount, or expenditure of the settlement funds is relevant to a claim or defense in the underlying suit or is reasonably calculated to lead to the discovery of admissible evidence. The Owner has admitted that it already is in possession of settlement funds. Discovering the total dollar amount of that settlement would reveal nothing about the Owner's alleged role in the hiring of Water Rescue.[2] *Cf. Palo Duro Pipeline*, 785 S.W.2d at 457 ("We do not, however,

---

[2] Even if we knew the reasons behind the settlement, this particular information would not necessarily be relevant. Settlement amounts have been held to be discoverable in very limited circumstances, which are not present in this mandamus case. *See, e.g.*, *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 649 (Tex. 1995) (noting that, as of that time, "[t]he only Texas case to permit discovery of the amount of a settlement concerned post-judgment discovery efforts to uncover assets upon which to execute" (citing *Collier Servs. Corp. v. Salinas*, 812 S.W.2d 372 (Tex. App.—Corpus Christi 1991, orig. proceeding)); *In re Univar USA, Inc.*, 311 S.W.3d 175, 179, 181 (Tex. App.—Beaumont 2010, orig. proceeding) (per curiam) (when one codefendant has

find the cash amounts contained in the settlement agreements to be relevant to the issue of conspiracy nor would disclosing the cash amounts be reasonably calculated to lead to the discovery of admissible evidence."). The same is true about the location and expenditure of the settlement funds. The relevancy of such information cannot be determined when it is stripped of all context.

The Manager contends that the settlement information is relevant, arguing that it specifically supports its cross-claim against the Owner for money had and received. We disagree. To recover on this particular cause of action, the claimant must demonstrate that the defendant holds money which in equity and good conscience belongs to the claimant. *See Best Buy Co. v. Barrera*, 248 S.W.3d 160, 163 (Tex. 2007) (per curiam); *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Discovery regarding the location, amount, or expenditure of the settlement funds would not be relevant to whether the Owner holds money which in equity and good conscience belongs to the Manager. Though the Manager consistently has maintained that the Owner obtained the settlement based on the services and invoices from Water Rescue, discovery regarding the location, amount, or expenditure of the settlement funds is not relevant to this allegation, nor is it reasonably calculated to lead to the discovery of admissible evidence. On this record, we conclude that the trial court abused its discretion by compelling discovery that was neither relevant to a claim or defense in the underlying suit, nor reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a); Tex. R. Evid. 401; *Palo Duro Pipeline Co.*, 785 S.W.2d at 457 (holding that cash amounts of settlement agreements were not discoverable because these amounts were irrelevant to the

---

settled but another has not, the nonsettling codefendant may be entitled to discover the other party's settlement amount for purposes of section 33.012 of the Civil Practice and Remedies Code).

claims and not reasonably calculated to lead to the discovery of admissible evidence); *Nermyr v. Hyde*, 799 S.W.2d 472, 476 (Tex. App.—El Paso 1990, orig. proceeding) (holding that lump sum amount of a settlement was not discoverable where it had no discernable relationship to the asserted causes of action or defenses); *Burlington N., Inc. v. Hyde*, 799 S.W.2d 477, 481 (Tex. App.—El Paso 1990, orig. proceeding) (same).

### Waiver Argument

The Manager presents two additional arguments. First, the Manager contends that the Owner has waived the discovery objections that are the basis for its requested mandamus relief. By rule, the party resisting discovery must make a timely objection to the discovery request or else the objection is waived. *See* Tex. R. Civ. P. 193.2(e); *Young v. Ray*, 916 S.W.2d 1, 3 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). According to the Manager, the Owner was required to object to the discovery requests on the basis of privilege or confidentiality, and its failure to do either waives the Owner's complaint.

Sometimes a settlement agreement is protected with conditions of confidentiality, but that does not make the agreement or its contents undiscoverable as a matter of law. Rule 192.3(g) provides that a settlement agreement is discoverable if it is relevant to the underlying litigation, without regard to the settlement's confidential nature. The Owner consistently has argued in both its trial court objections and in its petition for mandamus relief that the settlement information is not relevant to the Manager's cross-claims. The Manager has not cited any authority showing that an objection in this context is ineffective because it is not based either on privilege or confidentiality. We conclude that the Owner did not waive its objections that the discovery is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**Faulty-Premise Argument**

Next, the Manager argues that mandamus relief should be denied because of a faulty premise in the Owner's petition. In making this argument the Manager specifically focuses on a question raised in the petition, which asked whether the discovery ordered by the trial court qualified as net-worth discovery. The Owner assumed that the request did qualify as net-worth discovery, then it argued that this discovery was impermissible because "[the Manager] has not asserted a claim for punitive damages in this matter." *See In re Jacobs*, 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dismissed]) (evidence of a party's current net worth is discoverable only when punitive or exemplary damages may be awarded). We agree that the Owner's premise is faulty. The Manager, in fact, has asserted a claim for punitive damages; but, this issue is not dispositive. The Manager did not assert net worth as a reason for obtaining the settlement information, and the Owner's discovery objections are independent of the question of net-worth discovery.

**No Adequate Remedy by Appeal**

Having found that the trial court abused its discretion, we must consider whether the Owner has an adequate appellate remedy. The Supreme Court of Texas has held that no adequate appellate remedy exists if the trial court compels the production of patently irrelevant documents because the order imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *See In re CSX Corp.*, 124 S.W.3d at 153. We conclude that the Owner has no adequate appellate remedy. *See id.*; *Palo Duro Pipeline Co.*, 785 S.W.2d at 457.

## IV. CONCLUSION

We conditionally grant a writ of mandamus and order respondent to vacate her discovery order dated August 19, 2013. The writ will issue only if the respondent fails to comply.

/s/ Kem Thompson Frost
Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Busby and Donovan.