ACCEPTED
01-15-00423-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/23/2015 11:04:26 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00423-CV

IN THE

FIRST JUDICIAL DISTRICT COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/23/2015 11:04:26 PM
CHRISTOPHER A. PRINE
Clerk

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN
STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC,
CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

---

### MOTION FOR REHEARING

---

***MOSSER LAW PLLC***
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR RELATORS**


RELATORS REQUEST ORAL ARGUMENT


MOTION FOR REHEARING i

# TABLE OF CONTENTS

**TABLE OF CONTENTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**INDEX OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**ISSUES PRESENTED FOR REVIEW**. . . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    THE COURT OF APPEALS SHOULD REVIEW THIS PETITION UNDER A VOID ORDER STANDARD. . . . . . . . . . . . . . . . . . . . . . . . 3

    IF THE ORDERS ARE NOT VOID, MANDAMUS IS STILL APPROPRIATE UNDER THE ABUSE OF DISCRETION STANDARD - DUPLICATIVE PRODUCTION OF DOCUMENTS. . . . . . . . . . . . . . . . . . . . . 8

    THE APRIL 27, 2015 ORDER CONSTITUTES AN ABUSE OF DISCRETION, AS REAL PARTIES IN INTEREST PRODUCED NO EVIDENCE SHOWING A FAILURE TO PRODUCE DOCUMENTS. . . . . . . . . . . . . . . . . . . 13

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**PRAYER**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**CERTIFICATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**CERTIFICATE OF COMPLIANCE**. . . . . . . . . . . . . . . . . . . . . . . 22

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# INDEX OF AUTHORITIES

**CASES**

*Able v. Moye,* 898 S.W.2d 766 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . [20](#)

*Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805 (Tex. 1993). . . . . . . . . [5](#)

*Bair v. Hagans,* 838 S.W.2d 677 (Tex.App.–Houston [1st Dist] 1992, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#)

*Christus Santa Rosa Health Care Corp. v. Botello,* 424 S.W.3d 117 (Tex.App–San Antonio, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#)

*Custom Corporates, Inc., v. Security Storage, Inc.,* 207 S.W.3d 835 (Tex.App.–Houston [14th Dist.] 2006, orig. proceeding). . . . . . . . . . . . . . . [8](#)

*FKM Prtshp. v. Board of Regents of the Univ. of Houston Sys.,* 255 S.W.3d 619 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [4](#)

*In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [11](#)-[13](#)

*In re Team Rocket, L.P.,* 256 S.W.3d 257 (Tex. 2008). . . . . . . . . . . . . . . [12](#)

*In re Vaishangi, Inc.,* 442 S.W.3d 256 (Tex.2014). . . . . . . . . . . . . . . . . . [8](#)

*Liberty Nat. Fire Ins. Co., v. Akin,* 927 S.W.2d 627 (Tex. 1996). . . . . . . . [19](#)

*Randolph v. Jackson Walker, L.L.P.* 29 S.W.3d 271 (Tex.App.–Houston [14th Dist] 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [5](#)

TEX. R. CIV. P. 21a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [9](#)-[11](#)

*Urbish v. 127th Judicial District Court*, 708 S.W.2d 429 (Tex. 1986). . . . . . [8](#)

*Villafani v. Trejo,* 251 S.W.3d 466 (Tex. 2008). . . . . . . . . . . . . . . . . . . [5](#), [6](#)

*Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). . . . . . . . . . . . . . . [13](#), [18](#), [19](#)

**RULES**

TEX. R. CIV. P. 192.7(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. CIV. P. 193.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. R. CIV. P. 215.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

TEX. R. CIV. P. 65. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## ISSUES PRESENTED FOR REVIEW

The issues presented in this motion for rehearing are:

1.   Whether the Court of Appeals improperly denied Relators' Petition for Writ of Mandamus under a void order standard; or

2.   Whether the Court of Appeals improperly denied Relator's Petition for Writ of Mandamus requesting vacation of Respondent's April 1, 2015 and April 27, 2015 orders under an abuse of discretion standard by ordering the production of documents already produced; or

3.   Whether the Court of Appeals improperly denied Relator's Petition for Writ of Mandamus requesting vacation of Respondent's April 27, 2015 order under an abuse of discretion standardBy finding noncompliance with her April 1, 2015 order in the complete absence of any facts establishing such noncompliance.

## STATEMENT OF FACTS

1. On May 6, 2015, 8650 Frisco, LLC filed its Petition for Writ of Mandamus in this Court, seeking relief from Respondent's Orders signed April 1, 2015 and April 27, 2015. App. 1-3.

2. During the pendency of this Mandamus, the trial court held a subsequent hearing on the same issues before this court, and again ruled against the Relators, and increased its imposed sanction of attorney's fees payable to the Real Parties in Interest to $5,000.00. App.448-49.

3. On June 3, 2015, the Relators supplemented the Appendix and Record with transcripts from the hearings held on March 30, 2015, and on April 27, 2015 that resulted in the April 1, 2015 order and the April 27, 2015 orders, respectively. App.457-508.

4. This court denied Relator's Petition for Writ of Mandamus on June 23, 2015.

5. This Motion for Reconsideration Follows.

## ARGUMENT

### THE COURT OF APPEALS SHOULD REVIEW THIS PETITION UNDER A VOID ORDER STANDARD

6. At all times, Relator has maintained that the Real Parties in Interest's

MOTION FOR REHEARING                                                                  3

filing of their Fourth Amended Petition worked a nullity of the Respondent's July 28, 2014 interlocutory order. App. at 461; App. at 481.

7. Simply stated, causes of action not contained in a Plaintiff's amended pleadings are voluntarily dismissed at the exact moment the amended pleading is filed. *FKM Prtshp. v. Board of Regents of the Univ. of Houston Sys.* 255 S.W.3d 619, 633 (Tex. 2008) The Real Parties in Interest's Original Petition, to which the their original request for discovery relates, contained claims alleging breach of the agreement that created the restaurant, conversion, fraud, fraudulent inducement, civil conspiracy, alter ego, unjust enrichment, quantum merit and requesting an accounting. App. at 20-22.

8. The Fourth Amended Petition contains a lone claim for breach of contract relating exclusively to the settlement created and agreed to on August 4, 2014. App. at 108. Hence, by operation of law, Los Cucos voluntarily dismissed all prior claims when it filed its Fourth Amended Petition on January 21, 2015. *See* TEX. R. CIV. P. 65; *see also FKM Prtshp. v. Board of Regents of the Univ. of Houston Sys.* 255 S.W.3d at 633.

9. Los Cucos' dismissal of claims via amendment is a nonsuit of those claims, and even Counsel for Los Cucos admits as much. *See Randolph v. Jackson Walker, L.L.P.* 29 S.W.3d 271, 274-75 (Tex.App.–Houston [14th Dist] 2000); *See also* App. at 114-15. ("That motion to transfer was filed before the settlement agreement was made and *only addresses claims which are no longer asserted in this action"*). (emphasis added).

10. One unique effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering *them moot and unappealable*. *Villafani v. Trejo,* 251 S.W.3d 466, 469 (Tex. 2008) (Emphasis added). Sanctions orders may survive nonsuit, depending on the purpose of the sanction. *Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 806 (Tex. 1993). If a sanction is aimed at insuring a party is afforded a fair trial and not subjected to trial by ambush, the reason for imposing the sanction no longer exists after a party takes a nonsuit. *Id.* at 806-07. Conceivably, an order compelling discovery, like Respondent's July 28, 2014 order, could be considered a sanction, as it is available to the moving party under TEX. R. CIV. P. 215.1.

11. This court, however, has held that "an order to compel is not a lesser

sanction under rule 215.[2(b)]." *Bair v. Hagans,* 838 S.W.2d 677, 681 (Tex.App.–Houston [1ˢᵗ Dist] 1992, writ denied). Because the July 28, 2014 order is not a lesser sanction, it is a simple interlocutory order that was extinguished the moment Los Cucos nonsuited the claims from which the discovery and the order itself emanated. *See Villafani v. Trejo,* 251 S.W.3d at 469; *Id.*

12. By extension then, a nonsuit also works a nullity of the Real Parties' original discovery request. Nonsuits have been described as putting the parties back in the position they were in before the suit was filed. *Christus Santa Rosa Health Care Corp. v. Botello,* 424 S.W.3d 117, 124 (Tex.App–San Antonio, 2013)(*citing Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial Dist.* 362 S.W.2d 101, 104 (Tex. 1962)). If the nonsuit of these claims puts the parties back in the position they were in before the suit was filed, then the Real Parties in Interest's Discovery Request, on which the Respondent's April and May Orders are based, was withdrawn the moment the Real Parties in Interest nonsuited the claims to which those requests were pertinent. *See id.*

13. Thus, Respondent issued orders where no relevant discovery

request had ever been made. As of July 23, 2015, Counsel for the Real Parties in Interest have not made any new requests for production relating to the lone breach of contract claim relating to the settlement agreement asserted in its Fourth Amended Petition. App.440. Counsel for the Real Parties instead relies exclusively on the July 28, 2014 order as the vehicle by which it claims to be entitled to discovery. App. at 110-16, 360-63. Texas Rule of Civil Procedure 215.1(b) states:

> "If a party fails to respond that discovery will be permitted *as requested* or fails to permit discovery *as requested in response to a request for inspection submitted under Rule 196*, the discovering party may move for an order compelling...inspection or production in accordance with the request or may apply to the court in which the action is pending for the imposition of any sanction in which the action is pending for the imposition of any sanction authorized by Rule 215.2(b)..."

TEX. R. CIV. P. 215.1(b)(3)(D)(emphasis added)

14. By its own terms, the rule contemplates that the requesting party must at least request discovery from the party from whom discovery is sought before the court can even hear a motion to compel discovery. *See* TEX. R. CIV. P. 215.1(b)(3)(D). As the Texas Rules of Civil Procedure make clear, a request for production must be

made in writing. TEX. R. CIV. P. 192.7(a).

15. Because the July 28, 2014, order and the corresponding discovery request propounded by Real Parties in interest are moot, Los Cucos has failed to meet a necessary prerequisite to a motion to compel or a motion for sanctions, such that Respondent had no capacity to issue either the April 1 or April 27, 2015 orders. *See* TEX. R. CIV. P. 215.1(b)(3)(D). Thus, her order is void. *See Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431 (Tex. 1986)("An order is void when a court has no *power* or jurisdiction to render it.").

16. Because the orders were void, 8650 Frisco, LLC, need not show that it did not have an adequate appellate remedy, such that mandamus relief is appropriate. *In re Vaishangi, Inc.,* 442 S.W.3d 256, 261 (Tex.2014)("In these instances, mandamus is proper even without a showing that the relator lacks an adequate remedy at appeal"); *Custom Corporates, Inc., v. Security Storage, Inc.,* 207 S.W.3d 835, 838 (Tex.App.–Houston [14th Dist.] 2006, orig. proceeding).

**IF THE ORDERS ARE NOT VOID, MANDAMUS IS STILL APPROPRIATE UNDER THE ABUSE OF DISCRETION STANDARD - DUPLICATIVE PRODUCTION OF DOCUMENTS**

17. Even if this court rejects the concept that the July 28, 2015 order is

mooted by Real Parties' nonsuit, the Respondent has abused her discretion such that there is no adequate remedy on appeal, and mandamus relief is appropriate.

18. The July 28, 2014 order states, "It is ordered that Defendants shall produce all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order." App.93.

19. The July 28, 2014 Order also required that 8650 Frisco, LLC, comply with Respondent's Order by serving the requested documents electronically "in Plaintiff's Office no later than 5:00 PM on August 1, 2014." App. at 94.

20. 8650 Frisco, LLC complied with this order by serving Los Cucos with the compelled discovery at 4:47PM on Friday, August 1, 2014 via the E-File Texas filing and service portal. App. at 335-36. Electronic Service, a method which undoubtedly includes the E-File Texas filing and service portal, is complete on transmission of the document to the serving party's electronic filing service provider. TEX. R. CIV. P. 21a(b)(3). The electronic filing manager will send confirmation of service to the serving party. *Id*. Thus, by operation of the Texas

Rules of Civil Procedure, 8650 Frisco, LLC complied with the court's order. *See id.*

21.  In choosing to maintain its Second Motion to Enforce, Counsel for Los Cucos stated that:

> "Your exhibit shows that the documents were not sent to your e-service until 4:46 p.m. My email shows that the same were not forwarded to me until 5:47 p.m. Even then, it was not the documents that were delivered by a notice that they had been placed in the e-service and could be downloaded. Thus, your delivery was not, as ordered, by 5:00 p.m. and as you know, I did not receive the documents." App. at 339.

Despite the clear directive to the contrary contained in TEX. R. CIV. P. 21a(b)(3), and its counsel's acknowledgment that he received the e-file link, Los Cucos represented to the court that it was never served the documents which were the subject of the July 28, 2014, order. App. at 360.

22.  This argument cannot stand as it places the control over the service of documents in the hands of the party requesting the documents, who may freely create a violation of an order compelling production by ignoring its e-mail. Additionally, this argument ignores TEX. R. CIV. P. 21a which states "Electronic service is complete on

transmission of the document to the serving party's electronic filing service provider."

23. Because the Court ordered electronic service in accordance with Los Cucos' requests, it bound itself to follow the Texas Rules of Civil Procedure and thus had no discretion to rule that there was no service. *See* App. at 94. Consequently, Respondent abused its discretion in ordering the production of documents in the April 1, 2015 order when they had already been produced, in finding that the documents had never been produced in the April 27, 2015 order, and in sanctioning 8650 Frisco, LLC. *See* TEX. R. CIV. P. 21a(b)(3).

24. Respondent also erred by forcing 8650 Frisco to produce patently irrelevant documents. Usually, the scope of discovery includes any unprivileged information that is *relevant to the subject of the action*, even if it would be inadmissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding)(citing TEX. R. CIV. P. 192.3(a))(emphasis added). Information is relevant if it tends to make the existence of any fact that is of consequence *to the*

*determination of the action* or defense more or less probable than it would be without such information. *Id.* (citing TEX. R. EVID. 401)(emphasis added).

25. The Court's July 28, 2014 Order determined that the documents sought by the Real Parties were relevant to the claims then pending before the court. *See* App.93. However, these claims have since been nonsuited, and a claim wholly unrelated to the original causes of action has taken its place. App 108. Thus, Real Parties' nonsuit of claims to which the discovery requests were relevant renders the requests irrelevant to the unrelated replacement claim in the Fourth Amended Petition as 8650 Frisco, LLC, has repeatedly insisted. App.461:9-12; 468:15-18; 488:10-14; *See also In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding)(citing TEX. R. CIV. P. 192.3(a); TEX. R. EVID. 401)(emphasis added).

26. In addition to showing an abuse of discretion, 8650 Frisco, LLC must also show that it lacks an adequate appellate remedy. *In re Team Rocket, L.P.* 256 S.W.3d 257, 259 (Tex. 2008) (original proceeding) An appellate remedy is inadequate "where a discovery order compels

the production of patently irrelevant or duplicative documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

27. Respondent's April 1, 2015 order clearly orders 8650 Frisco, LLC, to reproduce documents to the Real Parties in Interest that had already been produced once. *Compare* App.1. *with* App.335-36, 339. Respondent's error is compounded by the fact that these financial documents have no relevance to the sole claim for relief now pending in the trial court. *See In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding)(citing TEX. R. CIV. P. 192.3(a); TEX. R. EVID. 401)(emphasis added).

28. Thus, mandamus is also appropriate under the abuse of discretion standard, and the court should grant this motion for reconsideration on this issue.

**THE APRIL 27, 2015 ORDER CONSTITUTES AN ABUSE OF DISCRETION, AS REAL PARTIES IN INTEREST PRODUCED NO EVIDENCE SHOWING A FAILURE TO PRODUCE DOCUMENTS**

29. Finally, Respondent had no discretion find that 8650 Frisco, LLC,

failed to comply with the Court's April 1, 2015 Order compelling the production of the requested documents.

30. Assuming that the July 28, 2014 order is valid, and the April 1, 2015 Order is also valid, the Real Parties in Interest have failed to show non-compliance with the April 1, 2015 order, such that the Respondent's April 27. 2015 order is an abuse of discretion for which there is no adequate remedy at appeal.

31. Respondent's July 28, 2014 order called for production of "all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order." App.93.

32. Respondent's April 1, 2015 order builds on its earlier order stating, "Defendants are ordered to produce all documents identified in the Court's July 28, 2014 Order on Defendant's Motion to Stay all Matters and Plaintiffs' Third Motion to Compel. This production must be made by 5:00PM on Wednesday, April 1, 2015..." App.1

33. In their Third Motion to Enforce, Real Parties in Interest acknowledge that 8650 Frisco, LLC, "produced 112 additional pages" and then move on to state that 8650 Frisco, LLC, "still failed to comply with the court's order." App.361. The Real Parties list a table of what 8650

Frisco, LLC, produced to them. App.361-62. Despite the fact that they acknowledge receipt of some 7347 pages of responsive material, the Real Parties complain that Relators failed to produce documents after July 2014. App.362.

34. Neither the April 1, 2015 order, nor the Second Motion to Enforce, nor the July 28, 2014, order contemplate the production of documents created after July 28, 2014. App.1; 93; 111-16.

35. In fact, Real Parties in Interest never make any request for relief that includes a request for any documents created after July 28, 2014. App.111-16; 360-62. The closest that they come to such a request is to mention that "Defendants have not produced bank records before April 2014 or after July 2014." App.362. Again, no discovery request has been propounded since 2014, and again, the only relief the Real Parties in Interest sought from the court was a "command that the Defendant's comply with the Court's Orders." *Id.*

36. Thus, to the extent that 8650 Frisco, LLC, was required to produce documents, it need only have produced documents in accordance with the order issued July 28, 2014. App.93. Respondent affirmed this in the Court's April 1, 2015 order, which stated that "Defendants

are ordered to produce all documents identified in the Court's July 28, 2014 Order on Defendant's Motion to Stay all Matters and Plaintiffs' Third Motion to Compel." App.1. Production beyond this order simply was not commanded, nor was it requested. *See* App.1., App.93.

37. To that end, 8650 Frisco, LLC, produced documents that the Real Parties in Interest did not already have in their possession, roughly 112 pages of documents spanning the time period between April 2014 and July 28, 2014, on March 31, 2015. App.344-59.

38. At the hearing on the Third Motion to Enforce, Real Parties in Interest did not put on any evidence that 8650 Frisco, LLC, continued to withhold responsive documents. *See generally* App. 473-88. Instead, they simply stated, without any predicate or sworn testimony, that the documents produced on March 31, 2015 were insufficient. App.478-80. In fact, without being sworn and without producing any affidavits, Counsel for Real Parties in Interest simply states:

> "I am fully aware, as the managing partner of my law firm...and as a small business owner and somebody who owns rental properties and manages my own finances, what kind of accounting records go into managing businesses. Thats why I can look at the hundred pages that they've produced and know that you don't run a

restaurant on a hundred pages of documents that cover only three months time span. Their document production is grossly deficient."

App.479:22-480:7.

39. Although the document production may not have been to the Real Parties in Interest's liking, they fail completely to establish that 8650 Frisco withheld any documents that were not already in their possession, or that were not produced on March 31, 2015 in compliance with the Respondent's April 1, 2015 order. App.479-80; App.1.

40. In fact, the Real Parties in Interest never tendered the documents produced on March 31, 2015, to the court for *in camera* inspection to determine whether additional documents could have or should have been produced. App.360-429; App.473-488. The court's sole basis for determining that 8650 Frisco, LLC, did not comply with the April 1, 2015 order was the unsworn, unverified statement by Counsel for the Real Parties in Interest that the document production was insufficient. App.480:6-7.

41. Real Parties in Interest also attempted during the hearing to invoke the ongoing duty to supplement without ever making such an

argument in either of its written motions. *Compare* App.479:6-7 *with* App.111-16, 360-63. Such an argument is misplaced in light of the facts. The duty to supplement a discovery response exists to the extent that a party learns that the party's response to written discovery was incomplete or incorrect when made, or although correct or complete when made, is no longer complete and correct. TEX. R. CIV. P. 193.5.

42. This duty is inapplicable to the facts at bar; 8650 Frisco, LLC, did not give a response that was incorrect or incomplete when made, or later became incorrect or incomplete; on the contrary, 8650 Frisco, LLC, was required to comply with the Respondent's April 1, 2015, and July 28, 2015 orders. Thus, despite being raised for the first time during the hearing, this argument is unpersuasive, and in any event does not prove that the documents provided failed to comply with either the April 1, 2015 or July 28, 2015 orders.

43. In reviewing the trial court's resolution of factual issues underlying its ruling, the reviewing court cannot substitute its judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d at 839. The Relator must establish that the trial court could reasonably reach only one

decision. *Liberty Nat. Fire Ins. Co., v. Akin,* 927 S.W.2d 627, 630 (Tex. 1996). Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision on a fact issue unless the decision was *arbitrary and unreasonable. Walker v. Packer,* 827 S.W.2d at 840.

44. In this case, there simply are no facts or evidence that establish noncompliance with the Court's April 1, 2015 order. App.111-16; App.360-429; App.473-488. Thus, the total lack of evidence of failure to comply compels the conclusion that the trial court had no basis on which to grant the relief sought by the Real Parties in Interest. Thus, the decision to award $1000.00 in attorneys' fees and further compel additional production not requested by the Real Parties constitutes a decision that is arbitrary and unreasonable. *See Walker v. Packer*, 827 S.W.2d at 840. For this reason, 8650 Frisco, LLC, urges that this Court find that the Respondent abused her discretion in issuing her April 27, 2015 order.

45. Additionally, 8650 Frisco, LLC, has no adequate remedy at appeal as a result of Respondent's April 27, 2015 order. In addition to the monetary sanction, Respondent ordered that 8650 Frisco, LLC, may

not conduct additional discovery in the matter until a representative of the entity signs a sworn affidavit of compliance with the order and conclusively established the issue of whether Plaintiffs are irreparably harmed by the lack of security and note in Real Parties in Interest's favor. App.3.

46. A party has no adequate remedy by appeal to challenge a discovery dispute when the party's ability to present a viable defense is impaired by the trial court's error. *See Able v. Moye,* 898 S.W.2d 766, 771-72 (Tex. 1995)(trial court's denial of discovery on crucial issues was remedied by mandamus). In this case, 8650 Frisco, LLC, cannot conduct additional discovery until it produces documents unrequested by the Real Party. App.3. Additionally, it can no longer defend the claim that Real Party is irreparably harmed by the lack of security. Thus, its ability to present defenses to these claims are harmed, such that there is no adequate remedy on appeal, such that mandamus relief is appropriate. *See Able v. Moye,* 898 S.W.2d 766, 771-72 (Tex. 1995).

## **CONCLUSION**

47. Respondent's April 1, 2015 and April 27, 2015 orders are either void

or constitute an abuse of discretion such that 8650 Frisco, LLC, has no adequate remedy at appeal. This court should grant this Motion for Reconsideration and vacate these orders and also vacate Respondent's May 21, 2015 which is based on the prior orders, so that justice might be done.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Relators pray that this court grant this motion for reconsideration and find that:

a.   Respondent's April 1, 2015, and April 27, 2015 orders are void as a matter of law; or

b.   Respondent abused her discretion in issuing her April 1, 2015 and April 27, 2015 orders, as production had already been made, such that there is no adequate remedy at law; or

c.   Respondent acted arbitrarily and unreasonably in finding that 8650 Frisco, LLC, failed to comply with her April 1, 2015 order, such that there is no adequate remedy at law; and

d.   Vacate Respondent's April 1, 2015 order, the April 27, 2015 order, and the May 21, 2015 order.

Respectfully Submitted, MOSSER LAW PLLC


s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR DEFENDANTS 8650 FRISCO, LLC, D/B/A 8650 FRISCO, LLC BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; AND DAVID JEIEL RODRIGUES**

## CERTIFICATION

I certify that I have reviewed the Motion for Rehearing and conclude that every factual statement in the Motion for Rehearing is supported by competent evidence included in the appendix and record submitted to the court and I certify that the documents attached in the appendix and record are true and correct copies of the originals.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF COMPLIANCE

I certify that there are 3797 words in Relator's Motion for Rehearing. I relied on the word count function of WordPerfect X6, which was used to prepare this document.

/s/ Paul J. Downey

Paul J. Downey

## CERTIFICATE OF SERVICE

I certify that on July 23, 2015, this document was served on the following parties or counsel of records in accordance with Texas Rule of Appellate Procedure 9.5:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.; Los Cucos Mexican Café IV, Inc.; Manuel Cabrera, and Sergio Cabrera,
represented by
Hawash Meade Gaston Neese & Cicack LLP
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
Tel. 713-658-9001
Fax 713-658-9011
sharen@hmgnc.com

/s/ Paul J. Downey
Paul J. Downey